Smith *et al. v.* Newbaur *et al.*

No. 17,618.

144    95
f156 515

## SMITH ET AL. *v.* NEWBAUR ET AL.

CONSTITUTIONAL LAW.—*Due Process of Law.—Mechanic's Lien.— Statute Construed.*—Section 7257, R. S. 1894, providing that a mechanic's lien may be acquired by filing in the recorder's office a notice of intention to hold the lien, within sixty days after performing labor or furnishing material, is not unconstitutional as depriving the owner of his property without due process of law.

MECHANIC'S LIEN.—*For Materials Furnished to Contractor or Subcontractor.*—A lien may be acquired for materials furnished for a building to either a contractor or subcontractor, under section 7255, R. S. 1894, placing them in the same category, so far as the right to acquire a lien is concerned.

SAME.—*For Materials Furnished.—Destruction of Building Before Notice.*—The lien on land for materials furnished for use in a building thereon is not lost by the destruction of the building by fire before notice of intention to hold the lien is filed.

SAME.—*Notice, Sufficiency Of.—Misdescription.*—A notice of intention to hold a lien for materials used in a building, which describes it as a part of a specified out-lot in "Haney's" addition of out-lots, to a specified town, is sufficient, although the addition is "Henley's," where the location of the building on the specified out-lot in Henley's addition is well known, and the owner knew what property was intended to be described in the notice, under section 7257, R. S. 1894, declaring that any description of the lot from which the land can be identified, will be sufficient.

PLEADING.—*Complaint to Foreclose a Mechanic's Lien.—Sufficiency.*— A complaint alleging that both contractors and subcontractors purchased of plaintiffs materials for use in the construction of the building on which a lien is sought to be foreclosed, which materials were "used" in its construction, sufficiently alleges that the materials were purchased for use in the building—especially where a bill of particulars and the notice of intention to file the lien, which are made a part of the complaint, show that the materials were furnished to the contractors and subcontractors to be used in the building.

From the Blackford Circuit Court.

*Carroll* and *Dean*, for appellants.

*J. Cantwell, S. W. Cantwell* and *L. B. Simmons,* for appellees.

HOWARD, C. J.—This was an action for the foreclosure of a mechanic's lien, brought by appellees against appellants. There was a trial by the court and a finding and decree in favor of the appellees.

The errors assigned and argued on this appeal call in question the correctness of the court's action in overruling the demurrer to the complaint, in overruling the motion to strike out parts of the complaint, and in overruling the motion for a new trial.

The complaint shows that appellants entered into a contract with a firm named Challenger & Carey for the erection of a dwelling house on premises owned by appellants, the contractors to furnish all materials for the building; and that the contractors sublet a part of the work to another firm, named Sanders Brothers, who were to furnish all materials in the part constructed by them. The appellees furnished the materials used by both contractors and sub-contractors. A bill of particulars, showing the materials furnished, and also the dates of the several items, is made a part of the complaint; as is also a copy of the notice to hold a lien, filed in the recorder's office.

The action was brought under the provisions of the mechanic's lien law of 1883 (Acts 1883, 140), as amended by the act of 1889 (Acts 1889, 257), and by the act of 1891 (Acts 1891, 28), section 7255, R. S. 1894, (section 1688, Ell. Supp.), and following sections.

In support of the demurrer to the complaint, it is first contended that the mechanic's lien law of this State is invalid, as repugnant to section 1, Art. 14, of

the Constitution of the United States, which provides that no State shall deprive any person of life, liberty or property, without due process of law. This contention is based upon the provisions of section 3 of the mechanic's lien law (section 7557, R. S. 1894; section 1690, Ell. Supp.) which provides that any person wishing to acquire such a lien upon any property shall file in the recorder's office, "at any time within sixty days after performing such labor or furnishing such materials," notice of his intention to hold such lien.

This notice, the only one provided for in the statute, is insufficient, say counsel, to secure that due process of law referred to by the Federal Constitution before the fixing of a lien upon the citizen's property. Under the law as enacted, counsel contend, any one may perform labor or furnish material in the construction of a building for a land owner, without such owner's knowledge or consent, and then secure a lien upon the land and building by notice filed after the work is done or materials furnished. It is said that the property owner should have notice at or before the doing of the work or the supplying of the materials, so that he may, if he wishes, prevent the doing of such work or the furnishing of such materials, and so keep his property free of the lien.

It has often been held that every statute under which a contract is made enters into and forms a part of such contract. The appellants, in the contract for the erection of the dwelling house upon their property, are therefore chargeable with knowledge of, and are bound by, all of the provisions of our mechanic's lien law then in force. By the terms of the agreement entered into, the contractors were to furnish all materials necessary for the construction of the building.

Smith *et al. v.* Newbaur *et al.*

This was notice that such materials were to be furnished; and the law under which the contract was made was further notice that the building and ground upon which it was to be erected would be liable to a lien for the value of the materials so furnished. The only uncertainty left was whether those who should furnish the material would claim the lien therefor. That uncertainty is provided for in the statute, which requires that the notice of intention to hold the lien be filed in the recorder's office within sixty days. The owner has, consequently, ample means of protection, and is not liable to a lien without notice, nor to have his property taken without due process of law.

It is intimated that the law hampers the freedom of action of the property owner; that he may desire to pay the contractor in advance, or to pay him by an exchange of other property for the erection of the building; and that it may be an inconvenience, or induce the contractor to bid higher for the work, if payment is to be delayed for sixty days after the work is done. These, however, are considerations that should be addressed to the legislature, and not to the courts. Besides, it is to be remembered that without the right to a lien on the property, laborers and materialmen would, in many cases, have no security for their toil or the materials furnished by them. The laborer is worthy of his hire, and the seller of goods ought to be paid for them. As the law stands, all parties are secured in their rights. The owner, by seeing that laborers and materialmen are paid, or by keeping back for sixty days from the contractor sufficient to make such payment, is in no danger of having to pay twice for his building; while at the same time the man whose labor or material has gone into the building can look to the building itself and

to the ground upon which it stands for his security. The property-owner enjoys the benefit of this work and of this material; and it is but just that he should be charged, for at least sixty days, with the responsibility of seeing that they are paid for.

It is next urged that the complaint is insufficient as not alleging "that the plaintiffs sold the material to the contractors and sub-contractors, respectively, to be used in the building against which the lien is sought to be enforced."

The allegations as to both contractors and sub-contractors are that they "purchased of the plaintiffs cement and other materials for use in the construction and erection of said building, of the value of, etc., * * * which said materials so furnished by the plaintiffs to said * * [contractors and sub-contractors] were by them used in the construction of said building." The bill of particulars and the notice of the intention to file a lien, each made a part of the complaint, also show that the materials were furnished "to the contractors and sub-contractors to be used in the building against which the lien is sought to be enforced." It would be extremely technical to hold that materials alleged to have been purchased for use in the building were not thereby shown to have been sold to be used in the building; particularly when it is alleged that the materials were actually so used.

A third reason advanced to show that the demurrer should have been sustained to the complaint is, that the notice of intention to hold a lien does not contain a sufficient description of the property.

The complaint alleges a mistake in the description as stated in the notice, and asks for a reformation. The real estate was described in the notice as a part of out-lot number 21, in Haney's addition of out-lots to the town of Hartford City; whereas it should have

been a part of out-lot number 21, in Henley's addition of out-lots to the town of Hartford City. It is alleged that there is no such tract of ground as out-lot number 21, in Haney's addition of out-lots to the town of Hartford City; that the location of the house as on out-lot 21 in Henley's addition of out-lots to the town of Hartford City was well known; that said contractors never contracted to erect any other building for appellants in the town of Hartford City; and that said building was the only dwelling house erected by any one for appellants in said town at any time within the past ten years. It is further alleged that the notice of the lien was filed by appellees at the suggestion and request of appellants, and that the appellants then well knew, and still know, that the property intended to be described in said notice was the property in question.

The statute providing for notice, *supra,* section 7257, R. S. 1894, declares that "Any description of the lot or land in a notice of lien will be sufficient if from such description or any reference therein the lot or land can be identified." In the case before us, the reference in the notice to the building and to the appellants as owners might sufficiently identify the lot. It has been held, in addition, that indefinite descriptions of property in such notices may be aided by extrinsic evidence under proper averments. *White* v. *Stanton,* 111 Ind. 540. See also *Newcomer* v. *Hutchings,* 96 Ind. 119; *McNamee* v. *Rauck,* 128 Ind. 59; *Coburn* v. *Stephens,* 137 Ind. 683.

We think that, under our liberal statutes and decisions in relation to mechanic's liens, the description may be considered sufficient, at least as to a party to the building contract, who also himself suggested the filing of the notice.

Counsel next claim that the court erred in overruling

appellants' motion to strike out parts of the complaint. The parts of the complaint which appellants desired to be stricken out relate to the materials furnished to the sub-contractors. The items ordered by the sub-contractors were furnished by appellees before the furnishing of all the items ordered by the contractors. All the items, however, both those ordered by the contractors and those ordered by the sub-contractors, were furnished from time to time for the building in question. We see nothing in the point attempted to be made. The statute, *supra*, section 7255, R. S. 1894, places sub- contractors in the same category with contractors so far as the right to acquire a lien is concerned, and we can see no difference in the rights of those who furnish materials to contractors and those who furnish them to sub-contractors. Both contractors and sub-contractors have the right to order materials and employ labor for buildings under contract. If the materials are furnished for the building to one who has authority to place them in it and they are so placed in the building, the right to a materialman's lien is thereby acquired. See *Barker* v. *Buell*, 35 Ind. 397.

A like contention is made in discussing the motion for a new trial. The account filed by appellees, although for convenience and accuracy of reference filed in two bills of particulars, is in all essentials a single account of materials furnished for appellants' dwelling; and the notice of intention to hold a lien therefor being filed within sixty days from the furnishing of the last item, the lien relates back to and includes the whole account.

Something is said as to evidence introduced to show that the building was burned prior to the filing of the notice of intention to hold the lien. We do not perceive the relevancy of this evidence as to appellees'

lien.  The building was not in appellees' care, nor were they responsible for its safety.  The lien attached with the furnishing of the materials, provided only the notice was duly given.  That the building should be destroyed was not anything which could affect appellees, unless, indeed, their security was thereby impaired.  The lien on the land remained intact.  See *Scott* v. *Goldinhorst*, 123 Ind. 268.

The judgment is affirmed.

Filed November 19, 1895.

## ON PETITION FOR REHEARING.

HOWARD, J.—We were of opinion that the validity of the mechanic's lien law of this State was fully considered and affirmed in the original opinion.  That law does not provide for depriving an owner of his property without his consent.  On the contrary, the law, which enters into and forms a part of his building contract, is notice to him that his land and the building to be erected thereon are liable to a lien for the value of the labor and materials which may enter into its construction.  He voluntarily contracts for this labor and material, with notice from the statute of the inchoate lien thereby authorized.  The statute, moreover, in the interest of the owner, prevents the fixing of the lien unless notice be given him within sixty days from the time of the furnishing of the labor or material.  His property is therefore not taken without due process of law.  See *Colter* v. *Frese*, 45 Ind. 96.

So it is said in Phillips Mechanics' Liens, 3d ed. section 33a, "A statute giving a sub-contractor a direct lien is not unconstitutional as forfeiting the owner's property to persons with whom he never contracted.  The owner contracts with reference to the law which gives the lien for work and labor fur-

nished to his contractor by journeymen and others."

It is further said by the authority cited, and in the same section, "that a provision in a mechanics' lien law which allows a laborer, mechanic or workman, thirty days after the building is completed or the contract of such laborer, mechanic or workman shall expire or be discharged, in which to give the owner written notice that a lien is claimed for such labor and material as have been furnished the contractor, does not render the act unconstitutional. The owner may, by contract or indemnity bond, protect himself against double payment for such labor and material." The same author, also in said section, observes: "In Wisconsin it is held that a law giving sub-contractors a lien without regard to the contract price or sum due the contractor is valid. The property has been enhanced in value by the labor and materials." *Mallory* v. *LaCrosse Abattoir Co.*, 80 Wis. 170.

And, in answer to what is said by counsel for appellant on the authority of *Spry Lumber Co.* v. *Sault Savings Bank Loan and Trust Co.*, 77 Mich. 199, we may add, also, from Phillips on Mechanics' Liens, same section: "The consent of the owner is the basis of a lien. His property can be taken only by his consent or default. A law which gives a mechanic's lien for labor or materials, regardless of the contract of the owner, so that his property may be taken to pay for service he never bargained for, nor consented to, is unconstitutional." And the Michigan statute to which counsel refer is instanced by the author as one subject to such infirmity, and hence void.

The statute in the case at bar, however, is one with reference to which appellants entered into their building contract, and according to which they consented to the lien that followed. Such consent included an

agreement that those who should furnish to the contractors and sub-contractors the material which should go into the building might have sixty days after furnishing the same within which to give notice of their intention to hold such lien.   We have no doubt of the constitutionality of the law.

As to the sufficiency of the complaint in relation to the furnishing of the material, it may be said, as was said by Judge Mitchell in *Neeley* v. *Searight*, 113 Ind. 316: "While the averments in that regard are not as direct and specific as they might have been, they are nevertheless sufficient.   *   *   *   Taking these averments altogether, and the inference necessarily arises that the materials were furnished for, and used in, the erection of the dwelling. *Lawton* v. *Case*, 73 Ind. 60."

So for the description of the property, while imperfect, yet we think it satisfies the liberal provision of the statute, section 7257, R. S. 1894 (Acts 1889, 258), that "Any description of the lot or land in a notice of a lien will be sufficient if, from such description, or any reference therein, the lot or land can be identified."   There was certainly sufficient in this description to identify the lot.   In fact, it was identified, and that without any shadow of doubt or uncertainty.

By force of the statute, as soon as the notice is given, the lien created at once relates back to the date when the labor was first done, or the materials first furnished.   As this lien is upon the land as well as upon the building, we are therefore unable to perceive how the lien could be lost by the injury, removal or destruction of the building.   The laborer or materialman is responsible for none of these things. They have not the custody or control of the property. One who worked upon the building or furnished materials for it would not, on account of the destruction

of the property, lose his right to a personal claim against the person with whom he had contracted to do such work or furnish such material.   But the statute, as we have seen, provides for a lien on the property as a security for such personal claim; and the lien no more than the claim can be lost by any injury to the building.   The purpose of the statute would often be liable to be defeated, if by a removal of the building from the land, or by its destruction, the lien should also be destroyed. See Phillips Mechanics' Liens, sections 12 and 304a, and authorities cited.   In the latter section the author says:   "If the lien is once fixed on the realty, it clings to the land after the destruction of the building.   Moreover, the lien attaches to the money received on the sale of the land and remnants of the mill and machinery."   Citing *Paddock* v. *Stout,* 121 Ill. 571.

The petition is overruled.

Filed February 31, 1896.