GEORGE MONROE *vs.* CLARENCE N. CLARK AND CHARLES R. SAWYER.

GUY EMMONS *vs.* SAME.

HERBERT CLARK *vs.* SAME.

ALBERT WEBSTER *vs.* SAME.

ALVIN CLARK *vs.* SAME.

Somerset.    Opinion September 28, 1910.

*Liens.   Mechanics' Liens.   Building Liens.   Revised Statutes, chapter 93,*
*sections 27, 29.*

1.   In order to bring a case within Revised Statutes, chapter 93, section 29, which provides that "whoever labors   .   .   .   in erecting   .   .   .   any building thereon, by virtue of a contract with or by the consent of the owner, has a lien thereon, and on the land on which it stands   .   .   .   to secure payment thereof," it must appear that the laborer performed the labor in "erecting the building."

2.   When one contracts to furnish completed articles, like cut and fitted stones, for a building to be erected, and is to have no part in the erection of a building, his employees have no lien on the building for their labor in preparing and completing the articles.

On report.   Defendants defaulted.   Judgment that plaintiffs have no lien.

Five actions at law brought by the several plaintiffs against the same defendants, on accounts annexed, to enforce alleged liens against the building and land of one J. Palmer Merrill, under the provisions of Revised Statutes, chapter 93, section 29.   The several cases were reported to the Law Court for determination, on admissions and evidence taken out at the hearing in the first two above entitled actions.

The cases are stated in the opinion.

*Butler & Butler*, for plaintiffs.

*Merrill & Merrill*, for defendants.

SITTING: EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

SAVAGE, J.  These five suits are brought to enforce liens against the building and land of J. Palmer Merrill, under R. S., c. 93, sect. 29, which provides that "whoever performs labor or furnishes labor or materials in erecting, altering, moving or repairing a wharf, pier, or any building thereon, by virtue of a contract with or by the consent of the owner, has a lien thereon, and on the land on which it stands . . . . . to secure payment thereof." The case comes up on report.

The defendants contracted with Mr. Merrill to furnish all the cut stone required for a building which he proposed to erect, and which he afterwards did erect, for the sum of $900.  The plaintiffs labored for the defendants in the various processes in preparing and fitting the stone for the building, according to specifications furnished. Part of the labor sued for was quarrying in a quarry used by the defendants, part was cutting stone in their stone yard, and part was sharpening drills.  The liability of the defendants is admitted in all the cases.  The only question presented for our determination is whether the plaintiffs, or any of them, have mechanics liens on the building and land of Mr. Merrill, to secure the payment for their labor.

We think the plaintiffs have no liens.  To bring the cause within the statute, it must appear that the laborer performed labor *in erecting the building*.  The defendants were contractors.  They contracted not to erect the building, or to do the granite work upon the building, but to furnish cut and fitted stone for the building. They were not to set it.  Their contract was completed when they delivered the cut stone to the owner.  They had nothing to do with the building itself.  They did not even engage to cut the stone themselves, though doubtless that was contemplated.  They engaged to furnish the cut stone.  They would have satisfied their contract had they purchased the stone, all fitted, and then delivered it to the owner of the building.

The distinction is clear.    Where one engages to erect a building, or do certain things in the erection of the building, as for example, the carpenter work, or the painting, or the plumbing, or the granite work, his employees have liens for their labor in doing these things. And if, in connection with doing these things, he agrees to furnish, and does furnish, the materials, the result is the same.    It is not necessary that all of the labor should actually be done on the structure itself.    To illustrate.    The doors and windows may be made at the shop, the boards may be sawed and planed at the mill, or the iron work done at the blacksmith shop.    These processes are all a part of the erection of the building.    The work so done, in the contemplation of the statute, is done "in the erection of a building."    *Webster* v. *Real Estate Improvement Co.*, 140 Mass. 526.

But where one contracts to furnish completed articles for a building, and is to have no part in the erection of the building, his employees have no lien for their labor in preparing and completing the articles.    Their labor is in no proper sense performed "in the erection of the building."

It would seem that these plaintiffs, or some of them, had a lien, which they might have enforced, under R. S., c. 93, sect. 27, which gives a lien for quarrying or cutting and dressing granite in a quarry.    But that is immaterial in this discussion.

The plaintiffs are entitled to judgments against the defendants, but not to judgments for liens.

The entry in each case will be, .

> *Defendants defaulted.    Judgment that plaintiff has no lien.    Judgment for J. Palmer Merrill against the plaintiff for his costs.*