RUDOLPH HEGENER COMPANY *v.* FROST ET AL.

[No. 8,437. Filed March 2, 1915. Rehearing denied June 2, 1915.
Transfer denied November 17, 1915.]

MECHANICS' LIENS.—*Materialmen.*—*Submaterialmen.*—*Right to Lien·* —One who contracted with an owner to furnish complete two flights of stairs according to specifications for the particular house to be constructed, but not to affix the stairs to the house, was not a contractor within the terms of the mechanic's lien statute, but a materialman only; hence a third person to whom he sublet the contract, and who talked with the owner about it, and was given specifications by him, and delivered the stairs on the owner's premises, stood in the position of a materialman furnishing material to a materialman and was not entitled to a lien.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by the Rudolph Hegener Company against Joseph Frost and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*J. Glenn Harris, Roy E. Ressler, Clarence Bretsch* and *Louis B. Ewbank,* for appellant.
*McCracken & Freer,* for appellees.

IBACH, J.—This was an action by a stair manufacturer and builder to enforce a mechanic's lien for the value of two flights of stairs manufactured after a special design expressly for the house which the owner, appellee Frost, was then building, of such size, shape and dimensions that they could not be

used in any other house, and so constructed that they fitted into said house without the use on them of any carpenter tools. These stairs were constructed at appellant's factory in Chicago, Illinois, after a personal interview of appellant's foreman with the owner of the house, at which time they went over the plans and specifications, and the foreman was given a copy of such plans and specifications, according to which the stairs were built, and delivered by appellant on the owner's premises, expressly for that house, and the owner set the stairs in place in the house, without any alteration whatever, merely attaching them to the building. Such stairs were manufactured and furnished under a contract for construction of stairs, for such house, entered into between appellant and George D. Clinton, who had an office in Gary, Indiana, and furnished interior trim work to contractors and builders, after the owner had "let the contract for the erection of said stairway, except the putting of the same into position, to Clinton." The court found that it was a case of a "materialman furnishing material to another materialman", and found against appellant for that reason.

The error assigned is the overruling of appellant's motion for new trial, in which it is specified that the decision of the court is not sustained by sufficient evidence, and is contrary to law. The facts disclosed by the evidence are substantially those recited above. Appellant's contention is that it is a case of a subcontractor who built an essential part of the house by the use of labor and materials, and furnished it on the premises for that particular improvement, under an employment by a contractor who had undertaken with the owner to furnish the necessary labor and materials and produce a completed portion of the house for use in its construc-

tion; and in any event that the materials were delivered by appellant directly to appellee owner on his premises, for use in his house, and were by him used therein.    The case seems to have been decided exclusively on the authority of *Caulfield* v. *Polk* (1897), 17 Ind. App. 429, 437, 46 N. E. 932, which holds that "The statute makes no provision for a lien in favor of one who simply sells materials to another who is himself a materialman."

The first question for us in considering the present case is whether Clinton was a contractor or a materialman.    Clinton's contract was to furnish the stairs, completed, according to certain specifications, for this particular house, but not to attach them to the house, or work on them after they were delivered on the premises.    He contracted with appellant to build the stairs to fit these specifications, and in short, to do all that he, Clinton, contracted to do in regard to the stairs.    In Phillips, Mechanics' Liens (3d ed.) §51, it is said, "There is, however, a palpable distinction between a contract to erect and a contract to furnish towards the erection, whether it be work or materials.    One who contracts to put up a building, or one of its leading divisions, as its brick-work or its wood-work, is not a mere workman or a mere material-man.    He is employed to construct or erect, and not merely to work. It is therefore clear that a lumber dealer, employed merely to furnish lumber, whether manufactured or not, is not a contractor for the erection of the building or any division of it.    He is a materialman merely, or a workman, if he works up his lumber into frames, doors, etc., and is not employed to erect or put up the building or any of its primary divisions."    In the case of *Foster Lumber Co.* v. *Sigma Chi Chapter House* (1912), 49 Ind. App. 528, 97 N. E. 801, Adams, J., of this court, said of one

who contracted to furnish all the stonework for a house, and to finish the stone ready for use, "nor do we think material ceases to be material when it is finished and ready for use." In the case of *Monroe* v. *Clark* (1910), 107 Me. 134, 77 Atl. 696, 30 L. R. A. (N. S.) 82, it is said that the distinction between the employes of contractors and the employes of materialmen is as to whether the work is done in the erection of the building, and that "where one contracts to furnish completed articles for a building, and is to have no part in the erection of the building, his employes have no lien for their labor in preparing and completing the articles. Their labor is in no proper sense performed in the erection of the building," and it was held that the employes of one who was to furnish cut stone for a building, according to certain specifications, were not entitled to liens as laborers. In the case of *Tracy* v. *Wetherell* (1896), 165 Mass. 113, 115, 42 N. E. 497, it was said, "The contract under which the petitioners were to 'furnish and deliver' certain articles of wood-work for a house 'all prepared,' in shapes like those in another house, even if it necessitated special manufacture and called for things not to be found in the market, which does not appear, would have been satisfied by a delivery of those articles by whomsoever prepared. However, likely it may have been that the petitioners would have to prepare the things themselves, the contract did not require them to do so. This being so, the contract was a contract for materials only, and not a contract for labor and materials." Other cases upholding the same theory are *Eisnor* v. *Dinand* (1896), 165 Mass. 116, 42 N. E. 498; *Arnold* v. *Budlong* (1877), 11 R. I. 561. Under these holdings, we think Clinton must be regarded as a materialman, and not a contractor. As a materialman, Clinton would have had a right to en-

force a mechanic's lien for the value of the stairs. Had his contract included the putting of the stairs in place and their attachment to the building, we believe that he could have been called a contractor, but that is not the case.

We think that appellant occupies the position merely of a materialman furnishing material to a materialman, and not of a subcontractor, or of a materialman furnishing materials to a contractor. We see no reason to depart from the holding in *Caulfield* v. *Polk, supra,* that a materialman furnishing material to another materialman has no right to a mechanic's lien, for we believe that holding supported both by reason and the weight of authority. See, *Hightower* v. *Bailey* (1900), 108 Ky. 198, 56 S. W. 147, 94 Am. St. 350, 49 L. R. A. 255; 27 Cyc 100 and cases cited; Phillips, Mechanics' Liens (3d ed.) §51.   Judgment affirmed.

NOTE.—Reported in 108 N. E. 16. Lien of materialmen, see 79 Am. Dec. 268. On the right of a subcontractor to protection of statutes giving liens to "laborers," "mechanics," "workmen," and the like, see 30 L. R. A. (N. S.) 85. Necessity that materials for which mechanic's lien is claimed be incorporated in structure, see 13 Ann. Cas. 13; 19 Ann. Cas. 588; Ann. Cas. 1913 B 502. See, also, 27 Cyc 100.