RHODES ET AL. *v.* SELVAGE ET AL.

[No. 9,753. Filed March 6, 1919.]

1. APPEAL.—*Review.—Finding of Facts.*—Where the trial court was not requested to make a special finding of facts and state conclusions of law thereon, the court on appeal will treat such finding, although amplified, as a general finding. p. 534.

2. APPEAL.—*Review.—Evidence.—Sufficiency.*—The court on appeal cannot weigh evidence, and the finding of the trial court on a question of fact, where supported by evidence, cannot be disturbed on appeal. p. 535.

3. MECHANICS' LIENS. — *Materials. — Authority of Contractor.* — Where the owner of land contracts with another to construct improvements thereon, the law makes the contractor the agent of the owner so far as is necessary in procuring such labor and materials as are reasonably necessary to accomplish the work contracted, and the owner is liable therefor. p. 536.

4. MECHANICS' LIENS.—*Materialmen.—Right to Lien.*—Where one engaged in carpentering, paperhanging and painting entered into a contract to furnish all materials and labor for the construction of certain improvements on land, and such contractor did not have any yard, store, supply house, or other place where he kept building materials, he was not a materialman, and those furnishing materials to him for use in completing such improvements were entitled to a lien on the land. p. 536.

From Marion Superior Court (95,291); *John J. Rochford,* Judge.

Action by Samuel S. Rhodes and others against Grace K. Selvage and Joseph W. Selvage and others to foreclose a mechanic's lien, in which others claiming liens were made parties defendant. From a judgment for defendants named, plaintiffs and the other lien claimants appeal. *Reversed.*

*Meyers & Moffett,* for appellants.
*Holmes & McCallister,* for appellees.

ENLOE, J.—This action was begun by appellants, Samuel S. Rhodes and Clarence R. Rhodes, against

the appellees Grace K Selvage and Joseph W. Selvage, her husband, to foreclose a mechanic's lien. Various other persons, who had filed notices claiming to have liens on the real estate sought to be sold, were made parties defendant thereto. As no question is made on this appeal as to the sufficiency of the various pleadings filed, we will not state in detail the various issues. Trial was had before the court, which found against the materialmen claiming liens on said property, and in favor of the defendants Grace K. and Joseph W. Selvage for their costs.

Motions were then severally made by said materialmen, seeking to enforce their liens, asking the court to modify its judgment, which were overruled. These were followed by motions, severally made by said parties, for a new trial, and these were also overruled. All said materialmen joined in this appeal.

The errors relied upon for a reversal, and which are proper assignments for our consideration are: Error in overruling motion for new trial; error in overruling motion to modify judgment.

· The appellants assigned, among others, as reasons for a new trial that: The decision of the court is not sustained by sufficient evidence; and, that the decision of the court is contrary to law. Other assigned reasons are, we deem, not necessary to a proper consideration of this case.

The court was not requested to make a special finding of facts and state conclusions of law thereon, so we must treat the trial court's finding, although

1. amplified, as simply a general "finding for plaintiff." Conner v. Town of Marion (1887), 112 Ind. 517, 14 N. E. 488; Timm v. Low (1914), 56 Ind. App. 47, 104 N. E. 870.

We are not unmindful of the rule that this court cannot *weigh* the evidence, and if there is any competent evidence to support a finding of the 2. existence of a fact necessary to establish a cause of action, or of defense, it is the business of the trial court to weigh such evidence, and we cannot disturb its decision thereon; but, where it is urged that there is no evidence upon which to base such finding of fact, it becomes our duty to search such record and determine the question as to the existence of such evidence, and of the fact dependent thereon, for ourselves.

In this case, so far as disclosed by the record, there is not, and never has been, any contention that the several appellants did not furnish the materials as claimed, and that said materials were delivered to the premises in question, on the order of Charles C. Wynn, the contractor, to be used and were used by him in the construction of the improvements thereon, and in the carrying out of his contract with said Grace K. Selvage; that they were used in making said improvements; that Grace K. Selvage was at all times the owner of said land on which said improvements were made; that she, through and by her husband as agent, made and entered into a contract with said Charles C. Wynn, by the terms of which said Wynn agreed to "furnish all the labor and materials for said improvements, and fully complete said houses ready for occupancy by," etc.; that said materials so furnished and used had not been paid for; that each of said parties so furnishing materials filed in due time his notice of intention to hold a lien on said premises, in the recorder's office of Marion county, Indiana, and that said notices were each duly record-

ed. Evidence was also offered by appellants, materialmen, as to the value of materials so furnished.

The law makes the contractor the agent of the owner so far as is necessary in the procuring of such materials and labor as are reasonably necessary to accomplish the work contracted, and therefore the materials ordered by the contractor, Wynn, for this job, were, in legal effect, ordered by Grace K. Selvage, the owner, and it became her debt. *Neeley* v. *Searight* (1888), 113 Ind. 316, 15 N. E. 598.

In *Smith* v. *Newbaur* (1896), 144 Ind. 95, 103, 42 N. E. 40, 1094, 33 L. R. A. 685, on petition for rehearing, it was said: "The statute in the case at bar, however, is one with reference to which appellants entered into their building contract, and according to which they consented to the lien that followed. Such consent included an agreement that those who should furnish to the contractors and subcontractors the material which should go into the building might have sixty days after furnishing the same within which to give notice of their intention to hold such lien." See, also, *Trueblood* v. *Shellhouse* (1898), 19 Ind. App. 91, 49 N. E. 47.

Under the authorities, upon proof of the foregoing facts, the appellants, materialmen, would be entitled to judgment in their favor, unless some further fact was proved which would deprive them of such right. Appellees assert that as Wynn was, by the terms of his contract with the appellee Grace K. Selvage *"to furnish all materials and labor"* for the making of the completed improvements, he was himself a "materialman," and they argue in their brief filed herein that the instant case

simply presents the situation of several materialmen, severally furnishing materials to another materialman, who happens to have a contract for the making of certain improvements on real estate, and that therefore the appellants, materialmen, are not entitled to enforce any lien, under the doctrine as announced in the cases of *Canfield* v. *Polk* (1897), 17 Ind. App. 429, 46 N. E. 932, and *Rudolph Hegener Co.* v. *Frost* (1915), 60 Ind. App. 108, 108 N. E. 16.

Appellees in their brief say: "All the lienholders admit the selling of their materials to Charles C. Wynn, who testified that he submitted his contract and specifications to them for estimates before the sales were made. * * * These facts and circumstances show conclusively that appellants Rhodes and Keeport were furnishing material to another materialman."

Materialmen have been defined to be: "Gentlemen in trade who do not follow the business of building or contracting to build homes for others, but who keep for sale the various materials and commodities which enter largely into building, and completion of them." 5 Words and Phrases 4409, and authorities therein cited.

In the instant case the contractor, Wynn, while testifying as a witness, was asked the question as to his occupation, and he replied, "Carpentering, paperhanging, and painting." Asked if he ever took contracts for building houses, he answered, "One." There is not one word of testimony in this record that the contractor, Wynn, had any yard, store, supply house, or other place where he kept building materials. Upon the evidence in this record he was not a materialman, within the meaning of that word as

generally used, and as has been defined by the courts.

All the evidence given on the trial has been carefully read. We find no evidence even tending to establish the existence of any material fact, which would defeat the parties of their rights to enforce their several liens.

The judgment of the Marion Superior Court is therefore in all things reversed, with directions to the trial court to sustain the several motions of appellants for a new trial.