## WOOD ET AL. *v.* ISGRIGG LUMBER COMPANY ET AL.

[No. 9,891. Filed June 19, 1919. Rehearing denied June 27, 1919.]

1. MECHANICS' LIENS.—*Right to Lien.—Corporations.—Statutes.—* *"Persons."*—Under §8295 Burns 1914, Acts 1911 p. 62, providing that "all persons performing labor or furnishing materials, etc.," may have a mechanic's lien, a corporation may acquire a lien for materials. p. 65.

2. MECHANICS' LIENS.—*Materialmen.—Submaterialmen.—Right to Lien.*—A dealer or materialman who furnishes material to another materialman has no right to a mechanic's lien on the property improved. p. 68.

3. MECHANICS' LIENS.—*Materialmen.—Right to Lien.*—Where a materialman furnished materials to a person who had a contract to construct the house in which they were to be used and who was engaged exclusively in the general contracting business, the materialman had a right to a mechanic's lien, as such person was a contractor and not a materialman. p. 68.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by the Isgrigg Lumber Company and others against John J. Wood and wife and Harvey R. Cox.

From the judgment rendered, defendants John J. Wood and wife appeal. *Affirmed.*

*Frank S. Roby* and *Little & Little,* for appellants.

*Edgar A. Brown, George R. Harvey* and *Groninger, Groninger & Groninger,* for appellees.

McMAHAN, J.—This is a consolidated action for the foreclosure of mechanics' liens by the Isgrigg Lumber Company, the Practical Cement Block Company and the Indianapolis Mortar and Fuel Company, corporations, against certain real estate in the city of Indianapolis owned by the appellants, who are husband and wife. Appellee Cox, who was named as a defendant, filed a cross-complaint. The issues were closed by general denials. The cause was tried by the court, and on request the facts were found specially, and conclusions of law stated thereon in favor of the appellees other than Cox. Decrees were rendered in favor of said appellees foreclosing their respective liens. Appellants excepted to the several conclusions of law. The errors assigned and relied on for reversal are that the court erred in each of its conclusions of law.

Appellants first contend that the statute does not give the right of acquiring a mechanic's lien to a corporation. Section 8295 Burns 1914, Acts 1911 p. 62, provides that "all persons performing labor or furnishing materials," etc., may have a lien on the real estate belonging to the owners to the extent of any labor or materials furnished. It is appellants' contention that our statute provides for a lien in favor of any "person," and not in favor of a corporation, and that a corporation cannot acquire a lien under our statute.

In Endlich, Interpretation of Statutes, §§87, 89, it is said: "In its legal significance it is said the word 'person' is a generic term and as such, *prima facie,* includes artificial as well as natural persons, unless the language indicates that it is used in a more restricted sense. * * * If any general rule can be drawn from the decision, it would seem to be this, that, where the act imposes a duty towards, or for the protection of, the public or individuals, grants a right properly common to all, and from participation in which the limited character of corporate franchises and the absence of any natural rights in corporations do not, by any policy of the law, debar them, the term 'persons' will, in general include them, whether the act be a penal or a remedial one."

Section 1356 Burns 1914, §1285 R. S. 1881, provides, among other things, that the word "person" extends to bodies politic and corporate.

In 27 Cyc 24, in an article on "Who May Acquire Liens," the following language is used: "The statutes generally provide that any person who furnishes material or does work shall have a lien, and this is construed to mean either a natural or an artificial person. Thus the lien may be acquired by a partnership, or a corporation."

Rockel, Mechanics' Liens, §45a, in discussing the Mechanics' Lien Law of this state, says: "The words 'All persons' * * * would seem to be broad enough to include every individual or corporation that would bring itself within the statute."

1 Watson, Indiana Statutory Liens, §884, says: "Person, as used in the statute, includes artificial as well as natural. An individual, a partnership or a corporation, otherwise entitled thereto, may acquire

the lien,  *  *  *.   The word 'person' includes a corporation; that a corporation is entitled to a lien is shown by a number of Indiana cases."

In *Tennis Bros. Co.* v. *Wetzel, etc., R. Co.* (1905), 140 Fed. 193, it was held under the statute of West Virginia, which gave a lien to every workman, laborer, or other person who shall do or perform any work or labor, that the word "person" included a corporation.   See, also, *Doane* v. *Clinton* (1875), 2 Utah 417; *Dalles Lumber, etc., Co.* v. *Wasco, etc., Mfg. Co.* (1869), 3 Ore. 527; *Louden* v. *Coleman* (1877), 59 Ga. 653; *Fagan & Osgood* v. *Boyle Ice Mach. Co.* (1886), 65 Tex. 324; *Gaskell* v. *Beard* (1890), 58 Hun 101, 11 N. Y. Supp. 399.   As said by the court in *Gaskell* v. *Beard, supra*: "A corporation is as completely within this intention of the section as a natural person would be, and is equally entitled to its protection. For, as a matter of justice, no distinction can possibly exist between the merits of a claim for materials furnished by a corporation or an individual, but each is entitled to be equally supported and each may be fairly assumed to be a person within the intention of the act."

Corporations can furnish materials the same as individuals, and we know of no reason why they are not entitled to have a lien for materials furnished the same as an individual.   Every reason and argument in favor of giving a natural person such a lien applies with equal force to a corporation.   We hold that under the Mechanics' Lien Law of this state a corporation may acquire a lien for materials.

The appellants also contend that the appellees in whose favor the liens were foreclosed were not mate-

rialmen, for the reason that the materials were furnished by them to appellee Cox, who, appellants say, was a materialman. In other words, they say that a dealer or materialman who furnishes material to another materialman has no right to a mechanic's lien on the property improved. This is a correct statement of the law. *Rudolph Hegener Co.* v. *Frost* (1915), 60 Ind. App. 108, 108 N. E. 16. But in the case at bar the materials were furnished to appellee Cox, who had the contract to construct the house for which the materials were furnished and in which they were used. Appellee Cox was a general contractor, who had no other business than taking contracts for the erection of houses and other similar buildings, and was in no sense a materialman.

A contractor has been defined as a person who, in the pursuit of an independent business, undertakes to do specific jobs of work for other persons, without submitting himself to their control with respect to all the petty details of the work. *Halstead* v. *Stahl* (1911), 47 Ind. App. 600, 94 N. E. 1056; *Carey, etc., Lumber Co.* v. *Jones* (1900), 187 Ill. 203, 58 N. E. 347.

Appellants also contend that the notices of intention to hold liens given by appellees were not sufficient. There is, however, no merit in this contention.

Judgment affirmed.