ALGIERS, WINSLOW & WESTERN RAILWAY COMPANY *v.* FOULKES CONTRACTING COMPANY.

[No. 15,288. Filed March 12, 1936.]

*Morton C. Embree* and *Charles O. Baltzell,* for appellant.

*W. E. Cox* and *Ely & Corn,* for appellee.

KIME, P. J.—This was an action brought by the appellee against the appellant for foreclosure of a mechanic's lien for work performed by it on the line of appellant's railway, in the construction of the roadbed, etc. The amended complaint was in five paragraphs, each of which was answered by a general denial. Trial was had by the court and on proper request a special finding of facts was made and conclusions of law stated thereon.

A motion for new trial, the grounds of which were that the decision of the court was not sustained by sufficient evidence; that the decision was contrary to law; that there was error in the amount of recovery in that it was too large; and that there was error in overruling the motion to strike out the direct examination of an expert witness as to attorneys' fees, was overruled. Judgment was rendered for appellee in the sum of $1,459.20. The errors assigned on appeal are the overruling of the motion for new trial and that the court erred in its first, second, third, fourth, and fifth conclusions of law.

The finding of facts disclose that on the 21st day of December, 1930, a contract was entered into between the parties hereto whereby the appellee agreed to furnish a steam shovel with engineer and fireman for $45.00 per shift; that the appellee did furnish the workmen and shovel and they performed work on the construction of the appellant's railway, which work began on the 23rd day of December and continued uninterruptedly for a period of twenty-four days thereafter. That the appellee filed in the recorder's office on the 18th day of February, 1931, a notice to make the appellant personally liable and on the same day filed in the same office a notice of its intention to hold a lien, to secure the payment of the value of such services rendered, all of which is set out in the special finding of facts which it is unnecessary to detail more fully here. That the appellant had full notice and

knowledge at the time of the fact that appellee did and performed this work upon its right of way and that the appellant knew that the appellee was engaged and worked in the operation of this shovel upon said railway right of way at the time the work was actually in progress. That the Central Indiana Construction Corporation, that held the contract for the grading and construction of said right of way, which contract is set out in full in the findings, was not progressing with its work as rapidly as the appellant believed that it should and appellant requested the aforesaid corporation to place additional forces on the job for the purpose of expediting same. That appellee was employed and hired to do this work by the principal contractor and that it did do this work and that there is due the appellee from the appellant the sum of $1,080.00 together with six per cent interest and $200.00 attorneys' fees, totaling $1,459.20. That the appellee is a corporation with its principal office in Terre Haute, Indiana, and such appellee is engaged in the business of road contracting and other construction work.

That §34 of the contract between the appellant and the main contractor is as follows:

"34. LIENS. If at any time there shall be evidence of any lien or claim for which the Company might become liable, and which is chargeable to the Contractor, the Company shall have the right to retain out of the payment then due or thereafter to become due, an amount sufficient to completely indemnify the Company against such lien or claim, and if such lien or claim be valid, the Company may pay and discharge the same, and deduct the amount so paid from any moneys which may be or become due and payable to the Contractor."

That the appellee has not been paid for its work or any part thereof done and performed by it on the line of the appellant railroad. That one McConnell was the representative of the appellant and during his absence one

Nichols was authorized to and did act in his stead and that both of these aforementioned men were frequently present, observed and knew that appellee was performing and did perform the work in the construction of the right of way and that Nichols specifically asked the construction company to place another shovel on the job to expedite the work in the excavation of a subway. That this action was commenced within one year of the filing of the notice of said lien.

That the work had been done on the right of way of the appellant; that the appellant was a common carrier and that the use of the right of way was necessary to the proper conduct of its business as a common carrier. That the lien can not be foreclosed without interfering with the right of the public and because of such fact the appellee should have a personal judgment against the appellant for the aforementioned sum.

The contention of the appellant herein is that the appellee has no standing because there is no contractual relation between it and the appellant. The cases are clear in their interpretation of the statute (if it ever needed any interpretation) that subcontractors are entitled to the benefits thereof. *Rhodes* v. *Selvage* (1919), 69 Ind. App. 533, 122 N. E. 352, *Neely* v. *Searight* (1887), 113 Ind. 316, 15 N. E. 598; *Smith* v. *Newbauer* (1895), 144 Ind. 95, 42 N. E. 40.

The appellant stresses greatly the fact that this was a rental of machinery contract and consequently under cases of that nature the appellee is not entitled to a lien. However the statute (§9831, Burns 1926, §43-701, Burns 1933) provides: "That contractors, subcontractors, . . . and all persons performing work . . . may have a lien separately or jointly upon" certain specifically enumerated property. In addition to this there is a section specifically related to railroads which provides "all persons who shall perform *work* or labor in the

way of grading, building embankments, making excavations for the track, building bridges, trestle-work, works of masonry, fencing or other structure, or who shall perform work of any kind in the construction or repair of any railroad, or part thereof, in this state ... may have a lien to the extent of the work or labor performed." §9842, Burns 1926. The court found that the appellee performed work in the grading and improving of the appellant's property and for such it is clearly entitled to the benefit of the provisions of the act. Our courts have been of the same idea as is shown in the following cases which show the trend of thought at that time in those courts. In *Cincinnati R. & M. Ry. Co.* v. *Shera et al.* (1905), 36 Ind. App. 315, 319, 76 N. E. 440, the court said: "The steam shovel was a part of the contractor's outfit. It can not be denied that the contractor, for the use of his outfit, in connection with his own labor would have been entitled to a lien, not for the use of the outfit alone, but because with his labor, in the use and operation of the outfit, the work was done; that is, the use of the outfit by the contractor in doing the work would be a part of the contractor's labor, for which the statute gives him a lien for the work and labor done, and in no sense is this different from the lien given the contractor for work and labor done by a laborer whom the contractor had employed and paid to assist him in doing the work."

In the case of *Potter Mfg. Co.* v. *Meyer & Co. et al.* (1908), 171 Ind. 513, 86 N. E. 837, which the appellant cites and relies on greatly, the court was also of the same opinion and the language is as follows (p. 517) : "There can be no question that the contractor, J. B. Smith & Co., might have acquired a lien to the extent of the value of the work done, including that done by this labor-saving machine." This disposes of the appellant's contention that the court erred in its conclusions of law and that the court erred in overruling the motion for a new trial, the

grounds of which were that there was not sufficient evidence to sustain the decision of the court and that the decision was contrary to law.

There is no error in the assessment of the amount of recovery as the amount due, plus interest and attorneys' fees, fully accounts for the sum in which the judgment was rendered. The court did not err in overruling the motion to strike out the direct examination of the expert witness as to attorneys' fees. The appelland did not object to the question to this witness, but sat by evidently with the expectation of getting a favorable answer, then cross-examined him and waited until all the evidence was in and then filed the motion to strike. Appellant can not now be heard to say that the answer should be stricken out. There is ample evidence to sustain the reasonableness of the attorneys' fee.

There being no reversible error shown, the judgment of the Pike Circuit Court is in all things affirmed.