Samples v. Samples.

John L. Samples, Plaintiff in error, v. Frank Samples, Defendant in error.

*January 21, 1882.*

.Promissory Note—Agency. (1) *Collection of claims due maker of note held on payment thereof.*

1. The maker of a promissory note sent the holder of it with a power of attorney to Virginia and Kentucky to collect certain claims for money due the maker, and agreed that out of the proceeds of such collection the note was to be paid, and the excess remitted to the maker. The holder proceeded to Kentucky, whence he sent a third person on to Virginia to collect the claim of the maker of the note. That person collected more than enough to pay the note. In an action on the note by the holder against the maker, *Held*, that so far as the collection, receiving, and possession of the money obtained in Virginia, affects the rights of the maker of the note, the holder (plaintiff) and his messenger to Virginia are one; that the possession of the money by such messenger is that of the plaintiff; that whether or not the money was actually and literally applied to the payment of the note, the law so applied it, and that the note was paid.

Error to the District Court of Mora County.

The suit in this case was brought on a promissory note held by plaintiff against the defendant. The defendant plead the general issue, and on trial the court permitted the defendant to introduce evidence tending to show that at some time previous the defendant gave the plaintiff a power of attorney to collect certain moneys. That this power of attorney was a settlement of the note, or that the claims when collected were to be in settlement of the note. The court also charged the jury that defendant was entitled to be credited on the note with any sums collected under the power of attorney, and if he sacrificed any claim, then with the amount such claims were worth at the time of such sacrifice.

The defendant did not plead a set-off for the amount collected or any other special plea claiming negligence in col-

lecting the claims. The jury gave a verdict for the defendant, and the plaintiff appeals to this court.

*C. H. Gildersleeve* and *Breeden & Waldo*, for plaintiff in error.

The giving of the power of attorney by defendant to plaintiff to collect claims and appropriate the proceeds to the extinguishment of the note sued on was not a payment of the note: *Jose v. Baker*, 34 Maine, 446; *Hoar v. Clute*, 15 Johnson (N. Y.), 224, and a parole release of a note not accompanied with delivery is not good, it must be under seal: Story on Promissory Notes, 410, and notes.

If plaintiff was guilty of negligence in the collection of these claims, then defendant could recover in an action therefor (6 Selden, 261), but cannot give proof of such negligence under the general issue, in an action by the plaintiff on the note. He must plead it specially: Stephens on Pleading, 161; Gould Pleading, 306; Tidd's Practice, 663, 664, and notes; Parsons on Notes and Bills, vol. 2, p. 619; *Brown v. Hall*, 4 Iowa, 430. Prince's Laws of New Mexico, pp. 119, 124, with reference to set-off, states the defendant "may plead" a set-off or counter-claim.

The only inference to be drawn from the statute and from the well settled rule of the common law is that the only way the court could possibly have admitted evidence on the trial in set-off against the note, would have been under a special plea of the defendant.

*Catron & Thornton*, for defendant in error.

The action in this case was assumpsit on a promissory note made by the defendant. Plea, general issue. The errors assigned are the admission of evidence tending to prove that the defendant gave to plaintiff a power of attorney to collect certain debts due him, with the understanding that he was to take the indebtedness due, with the power to collect it in satisfaction of the note; was to send the note to him as soon as he reached Kentucky, where the note was.

Proof was introduced to show that the indebtedness was more than sufficient to pay the note, and that plaintiff did collect, or cause to be collected, an amount sufficient to pay this note.

Defendant insists that under the general issue any evidence tending to show that at the time the suit commenced, the defendant was not indebted to plaintiff, was competent. Under the general issue, any matter which showed that the plaintiff never had cause of action, might be given in evidence; and also that, under that plea, most matters, even in discharge of the action, and which showed that at the commencement of the suit, the plaintiff had no subsisting cause of action might be taken advantage of: 1 Chitty on Pleading, section 478 and note ; Stephen on Pleading, section 162, and note.

" Under a plea of non-assumpsit may be given in evidence anything which shows there was no cause of action at the time of the action brought :" 1 Chitty on Pleading, section 478, note 2 ; 4 Taunton, 165 ; 10 Wendell, 164.

The authorities cited by plaintiff have no bearing on the case.

The reference in Stephen on Pleading, 161, is an authority under the Westminster rules, Reg. Hiliary term, 4 W., 4, as is expressly shown, for the author goes on to state that prior to those rules, the practice was different. See note 20, pp. 161, 162. These rules have never been adopted in this territory, and but few of the states of the Union have ever adopted them: Stephen on Pleading, 161, note 20.

The evidence offered in this case all tended to show that at the time the suit was brought no action did exist. It showed the acceptance of the transfer of another indebtedness and power of attorney, in satisfaction of the debt, and that the debts or accounts transferred were of sufficient value to pay the note. A release or parol discharge can be given in

evidence under this plea: 1 Chitty on Pleading, 477; 10 Wendell (N. Y.), 164.

" The authority referred to in Tidd's Practice does not sustain the plaintiff. On the contrary, that author says : " In short, the question in assumpsit upon the general issue is whether there was a subsisting debt or cause of action at the time of commencing suit." See page 646.

The case in 10 Wendell, 165, and 16 Johnson (N. Y.), 224, are both stronger cases and go further in support of defendant's position than defendant asks in the case. Not any authority cited by plaintiff supports his case except those decided under a code of practice, or in some state where the rules of Hiliary term have been adopted.

PARKS, Associate Justice: In this case the plaintiff in error sued the defendant in error on a note assigned to him by Charles Samples, the payee, which note was dated April 22, A. D. 1865, due one day after date, for the sum of $200, bearing ten per cent. interest, and on which note $40 was credited in June, 1876, and $150 was credited in January, 1877.

Defendant pleaded the general issue. There was a trial by jury, verdict for defendant, and judgment against plaintiff for costs. A motion for a new trial was overruled, and the case came to this court by writ of error.

The plaintiff introduced the note and assignment thereof to him without objection. The defendant, Frank Samples, testified as follows: In the fall of 1876—in September, I think—the plaintiff, who had the note, came to this county to make a settlement with me. I had some money coming to me in Virginia, and a brother of mine in Kentucky owed me fifty dollars, and I gave the plaintiff a power of attorney to go to Virginia and collect what was due me, and, after taking out the amount of the note, to send me the balance. There was near six hundred dollars due me in Virginia from

my brothers', father's and grandfather's estate.  I gave plaintiff power of attorney to receive this, and also fifty dollars due me by my brother in Kentucky.  It was understood that the power of attorney paid the note sued on, and plaintiff was to send me what was over, together with the note. It was understood the power of attorney paid the note sued, and the plaintiff was to go to Virginia and collect the money coming to me there.  Plaintiff had no authority to sell my claim and interest.

On cross-examination, plaintiff testified that:

It was understood the power of attorney settled the note; the plaintiff was to go to Virginia and collect the money and send me what was over.  The plaintiff distinctly agreed that the power of attorney should pay and settle the note.  The note was not delivered to me because plaintiff said it was then in Missouri; he was to send it to me.  Plaintiff afterwards wrote to me that he went as far as Kentucky, was taken sick, and sold out my interest for the pitiful sum of $250.  He wanted me to pay the balance of the note, but I refused, because the note was paid by the power of attorney.  At the time I gave the power of attorney, I was solvent and able to pay my debts and acknowledged that I owed the note in question.  I was not to pay the plaintiff for going to Virginia.  I do not remember whether or not I agreed to pay part of his expenses.  He was to send me what he collected in excess of the amount of the note.

This testimony of the defendant is uncontradicted, and as the plaintiff did not offer himself as a witness and did not produce the power of attorney, there is no reason why entire credit should not be given to the statement of the defendant.

The only other evidence which it is material to notice is that W. P. Samples, by whom it is proved that S. G. Samples collected in Virginia, on the power of attorney, $465, that being more than the amount of the note.  From this evidence, it appears:

1st. That there was no sale of the power of attorney to S. G. Samples, the alleged sale being unauthorized and void, and having been repudiated by the defendant as soon as he heard of it.

2d. That whether the plaintiff, John L. Samples, was authorized by the power of attorney to appoint any one to go to Virginia and get the money or not, yet as a matter of fact, he did do so.

3d. That said agent or messenger received or collected, of the moneys belonging to the defendant in Virginia and which by the agreement between the plaintiff and defendant was to be appropriated to pay the note sued on, an amount amply sufficient to pay it.

The question before this court is, briefly, whether the verdict of the jury is so clearly wrong that it is our duty to reverse the verdict of the district court in refusing to set it aside and grant a new trial. We cannot say that it is.

On the contrary, we think the better opinion is, that so far as the collection, receiving and possession of the money obtained by S. G. Samples in Virginia affects the rights of the defendant in this suit, the plaintiff and his said messenger or agent are one that the possession of this money by the agent is the possession of the plaintiff, that whether the money was actually and literally applied to the payment of the note or not, the law so applied it and the note was paid.

As to the question of pleading raised by this record, we think the evidence was properly admitted under the general issue, and as the instructions did not mislead the jury it is not necessary to discuss them. The judgment of the court below is affirmed.