AYRES,Judge.
This suit was instituted for the purpose of canceling and erasing from the mortgage records of Ouachita Parish, Louisiana, an affidavit of materialmen’s lien filed pursuant to the provisions of LSA-R.S. 38:2241-2247, and to recover damages for the wrongful filing thereof.
Plaintiffs Jesse F. Heard & Sons and the Employer’s Liability Assurance Corporation, Ltd., named, as defendants, The Ca-haba Steel Company, R. Boatner Howell, Jr., as Trustee in Bankruptcy for Industrial Fabricators, Inc., and the Clerk of Court and Ex-officio Recorder in and for the aforesaid Parish. Following trial, judgment was rendered favorable to plaintiffs, directing the cancellation and erasure of the aforesaid affidavit but rejecting plaintiffs’ demand for damages. An appeal was perfected to this court by The Cahaba Steel Company.
The facts, concerning which there appears to be little or no dispute, pertinent to a proper resolution of the issues presented in this case, may be briefly stated. Jesse F. Heard & Sons, as general contractor, was under contract with the Oua-chita Parish School Board for the construction of a high school building at Ster-lington. The Employers’ Liability Assurance Corporation, Ltd., executed as surety the contractor’s performance bond. The general contractor ordered, from Industrial Fabricators, Inc., all of the structural steel required in the construction of said building and project, completely shop fabricated, with one shop coat of paint, with accessories, delivered on the job site, for a price of $27,400.00. The general contractor contracted with O. C. Portman to erect all steel on the job. Neither Industrial Fabricators, Inc., nor the defendant, The Cahaba Steel Company, did any work on the job.
*376 Industrial Fabricators, Inc., in fulfilling its contract with the general contractor to supply the aforesaid material, purchased, from the defendant, The Cahaba Steel Company, a portion of said materials consisting of
17 Type 40L13 Longspan Joists, Mark Jl, length 65'-4"
20 1-54 x l-}4 x Vs Angle Bridging, Mark B1
160 I-14 x 1-1/4 x Vs Angle Bridging, Mark B2
34 Anchor Pins, Mark Al
20 s/%" Bridging Anchors, Mark BA1
delivered on the job site, for a price of $4,-100.00, no part of which was paid. This material was delivered on the job site by the defendant, The Cahaba Steel Company, under bills of lading issued in the name of Industrial Fabricators, Inc. No invoices or bills of lading were issued by The Cahaba Steel Company to the general contractor, but its drivers delivered the invoices or bills of lading of the Industrial Fabricators, Inc., which defaulted and was adjudicated a bankrupt. To complete the project, the general contractor obtained the remainder of the materials from Mosher Steel Company of Louisiana, Inc. Appellant’s claim to a lien or right or cause of action against the contractor and on his performance bond is predicated on the proposition that Industrial Fabricators, Inc., was a subcontractor of Jesse F. Heard & Sons and not a mere materialman.
Pertinent to a consideration of the contention made is the contract entered into between Industrial Fabricators, Inc., and Jesse F. Pleard & Sons. This contract reads as follows:
“Industrial Fabricators, Inc.
March 5, 1959
“Jesse F. Heard & Sons Contractors West Monroe, Louisiana
“I agree and obligate myself to deliver to you f.o.b. Jobsite — Sterlington High School, Sterlington, Louisiana the following materials at the following prices:
“All structural steel completely shop fabricated and with one shop coat of paint and weighing approximately 80 tons; Long-span trustees with accessories; Miscellaneous metal consisting of flagpoles, plaque all for the lump sum of.$27,400.00
“(Miscellaneous bolts, thresholds, aluminum, or any other item not listed above is not included)
“Sales Tax not included.
“delivery at the place of delivery mentioned above to be made to you as required.
“Terms of Payment: tenth of month following delivery of materials.
“Witnesses:
- Very truly yours,
- Industrial Fabricators, Inc.
By: /s/ B. W. Eaglebarger
“Jesse F. Heard & Sons, 503 Oaklawn Street, West Monroe, Louisiana, accepts the above agreement, orders the above materials, at the above prices and on the terms above set forth.
“West Monroe, Louisiana, March 5, 1959.
“Witnesses : Jesse F. Heard & Sons
/s/Margie Sims By: Loy K. Heard
Partner”
The only connection that The Cahaba Steel Company had with the job in question was as a vendor of the material to Industrial Fabricators, Inc., and in acting for it in delivering the material, in its name and under its contract, to the job site.
Identical issues were recently before this court and given thorough consideration in Jesse F. Heard & Sons et al. v. Southwest Steel Products et al., 124 So.2d 211, and Jesse F. Heard & Sons et al. v. Birmingham Ornamental Iron Company, Inc., et al., 124 So.2d 220. The relationship of Industrial Fabricators, Inc., with Jesse F. Heard & Sons was held to be one of vendor and vendee and that, accordingly, Industrial Fabricators, Inc., was a mere materialman and not a subcontractor. It was further *377 held that a supplier of materials to a mate-rialman was not entitled to a lien under LSA-R.S. 38:2241 et seq., nor to a recovery from the contractor or his surety.
The contract between them in the instant case, as quoted herein above, leaves no room for doubt as to the correctness of the conclusions reached as to the relationship of the parties in the instant case. For the reasons assigned herein and in the cited cases, we find no error in the judgment appealed. It is, therefore, affirmed at appellants’ cost.
Affirmed.