428 P.2d 636

RONALD A. COCO, INC., a Louisiana Corporation, Plaintiff-Appellant,

v.

ST. PAUL'S METHODIST CHURCH OF LAS CRUCES, NEW MEXICO, INC. and Borrett Construction Company, a Texas Corporation, Defendants-Appellees.

No. 8285.

Supreme Court of New Mexico.
June 12, 1967.

Wilson, Ahern & Montgomery, Harold B. Albert, Albuquerque, for appellant.

Keleher & McLeod, T. B. Keleher, Albuquerque, for appellees.

## OPINION

MOISE, Justice.

Plaintiff-appellant, hereinafter referred to as "Coco," here sought to foreclose a materialman's lien. The claim arose out of the sale of certain laminated wood beams installed by defendant-appellee, Borrett Construction Company, hereinafter referred to as "Borrett," in a church building constructed under contract with defendant-appellee, St. Paul's Methodist Church of Las Cruces, New Mexico, Inc., hereinafter referred to as "St. Paul's."

The record discloses that Borrett placed an order with a concern known as Engineered Wood Products Company, hereinafter referred to as "Wood Products," for certain materials required in construction of the church for St. Paul's. These materials consisted of wood decking which it was understood would be obtained from a concern known as Dana Deck, Inc., and laminated wood beams to be provided by Coco. There was some direct dealing between Coco and Borrett in connection with the plans and specifications for the beams, but nothing additional was discussed or involved. Borrett had previously purchased beams manufactured by Coco through Wood Products for another church and paid for them by check to both, and obtained a release from Coco. This was in accord with Borrett's customary business methods. It followed this method when it paid for the decking. However, the beams were invoiced to it by Wood Products and were paid for by check to Wood Products who in turn failed to pay Coco a balance of $17,721.89 in connection with the order. Coco had billed the purchase to Wood Products, but had shipped directly to Borrett. Coco filed a claim of

lien, which it seeks to foreclose in this action.

The court held for defendants, and found that Wood Products was an agent of Coco and that because Coco never requested direct payment from Borrett it was estopped to deny the agency. The only evidence to support the finding of agency is found in the dealings as above set forth together with proof by Borrett that one Brown, a salesman for Wood Products, had stated that Wood Products was an agent of Coco and that, in fact, a son of Ronald A. Coco was employed by Wood Products. Also, it appears that after inquiring concerning payment and being advised that Wood Products had been paid, Coco permitted some five weeks to pass before asserting any right against defendants.

█ In addition to the findings already mentioned, the trial court also found and concluded that there was no privity of contract between Coco and Borrett. Coco points in its brief to the inconsistency or conflict resulting from finding that Wood Products was Coco's agent, while at the same time finding no privity between them. Unquestionably, insofar as an agent's acts are within his authority they are in legal contemplation the acts of the principal. 3 Am.Jur.2d 627, Agency, § 261; Samples v. Samples, 2 N.M. 239 (1882); Osborne v. Commonwealth, 353 S.W.2d 373 (Ky.1962). Accordingly, there can be no question that the finding of no privity is in conflict with the finding of agency.

█ Coco, in its brief, argues four points addressed to the finding of agency and the proof supporting it. Complaint is made that the only proof of agency is found in the testimony noted above, and that agency could not be proved by extrajudicial statements of an agent. That the rule is as claimed has long been recognized in this state. In State v. Kelly, 27 N.M. 412, 437, 202 P. 524, 534, 21 A.L.R. 156 (1921), is found the following language:

"It is argued that admissions, statements and declarations of an agent are not admissible to prove agency, and this proposition is correct. There must first be prima facie proof of agency before such declarations or statements are admissible for any purpose. While agency may not be proved by the extrajudicial statements and declarations of one pretending to act as agent the fact of agency when it rests in parol, may be established on the trial by the testimony of the agent himself. * * * Many cases are cited in support of the proposition, and we know of nothing to the contrary. Another general rule may be stated, which is that the existence of an agency may be shown by, or inferred from, circumstantial evidence. * * *"

█ This case was followed by Jameson v. First Savings Bank & Trust Co. of Albuquerque, 40 N.M. 133, 138, 55 P.2d 743, 103 A.L.R. 1492 (1936), where the language set forth above is quoted, and the correct rule is recognized as permitting testimony concerning extrajudicial statements of the agent where agency has been established by independent evidence, either circumstantial or otherwise.

It is Coco's position that there is no proof of agency aside from the testimony concerning Brown's statements. The defendants call attention to the facts and circumstances related above as supporting a finding that Wood Products was Coco's agent even without considering the testimony concerning Brown's statements. Because of the next issue, we do not need to resolve this problem.

█ If we assume that Wood Products was Coco's agent, would payment by Borrett to Wood Products be payment to the principal and discharge Borrett's liability? Coco argues that a sales agent has no implied authority to accept payment for his principal. That this is the general rule, subject to certain well-established limitations, cannot be questioned. Annot., 8 A.L.R. 203 (1920); 105 A.L.R. 718 (1936). This court referred to the general rule in Raulie v. Jackson-Horne Grocery, 48 N.M. 556, 154 P.2d 231 (1944), and there held that a purchaser for cash of perishable

produce from an agent who delivered the produce was not negligent in making payment to the agent. This fits within the recognized exception that an agent having possession of commodities for sale, has implied authority to receive payment for them. See Annot., 8 A.L.R. 203, 215 (1920), and in 105 A.L.R. 718, 721 (1936). What is the rule applicable where, as here, the record discloses that Coco invoiced Wood Products who in turn billed and collected from Borrett? How a clearer expression of authority to collect, short of a direct statement to this effect, could have been evidenced is difficult to imagine. In our view, the finding by the trial court that the conduct of Coco outlined above was such as to estop it from claiming lack of authority on the part of Wood Products to receive payment is amply supported by the proof, and necessarily follows if an agency relationship existed. This is supported by what was said in Raulie v. Jackson-Horne Grocery, supra, in a quote from Petersen v. Pacific American Fisheries, 108 Wash. 63, 183 P. 79, 80, 8 A.L.R. 198 (1919):

"A principal is not only bound by the acts of his agent, general or special, within the authority which he has given him, but he is also bound by his agent's acts within the apparent authority which the principal himself knowingly permits his agent to assume, or which he holds the agent out to the public as possessing. Galbraith v. Weber, 58 Wash. 132, 107 P. 1050, 28 L.R.A.,N.S., 341. * * *

"As between two innocent persons, one of whom must suffer, the loss should always fall on the principal who has clothed the agent with apparent authority, and thus enabled him to obtain the advantage of the person with whom he deals, rather than on the purchaser. Galbraith v. Weber, supra."

Under the facts here present, Coco cannot prevail even if Wood Products was its agent. What would be the situation if, as asserted by Coco, Wood Products was not its agent?

■ Plaintiff's problem here arises primarily because of the absence of privity, as found by the court and not questioned by Coco except as inconsistent with the finding of agency. Borrett, the contractor, who under the statute (§ 61–2–2, N.M.S.A. 1953) is made agent of the owner, ordered the beams from Wood Products, who in turn purchased them from Coco. They were sold by Coco to Wood Products and were billed to Wood Products, who billed them to Borrett. Under the circumstances, unless Wood Products was a "subcontractor * * * having charge * * * of the construction * * *" no valid claim could be asserted by Coco who, except for discussing the plans and specifications, dealt only with Wood Products. At no time has it been argued or suggested by Coco that Wood Products was in any sense anything but a middleman purchasing the wood beams to be used in the building. Wood Products was a supplier, or materialman—not a subcontractor—and the statute makes no provision for liens on behalf of those from whom it purchased its products. Rudolph Hegener Co. v. Frost, 60 Ind.App. 108, 108 N.E. 16 (1915). Compare, Jesse F. Heard & Sons v. Cahaba Steel Company, 126 So. 2d 375 (La.App.1960). Also see 141 A.L.R. 321 (1952). Theisen v. County of Los Angeles, 54 Cal.2d 170, 5 Cal.Rptr. 161, 352 P.2d 529 (1960), is of no help to the appellant. If Wood Products had undertaken to construct the wood beams itself then it could arguably have been a subcontractor, but such is not the fact here.

■ It follows that even if Wood Products was not Coco's agent, and the court's finding in this regard in error, nevertheless, Coco cannot prevail because of the absence of privity. The error, if any, in the finding of agency, would be harmless and would avail Coco nothing. Board of County Commissioners of Dona Ana County v. Little, 74 N.M. 605, 396 P.2d 591 (1964); Schall v. Mondragon, 74 N.M. 348, 393 P.2d 457 (1964); Visic v. Paddock, 72 N.M. 207, 382 P.2d 694 (1963); Renfro v. J. D. Cog-

gins Company, 71 N.M. 310, 378 P.2d 130 (1963).

The judgment is affirmed. It is so ordered.

CHAVEZ, C. J., and OMAN, J., Court of Appeals, concur.