580 P.2d 1278 (1978)
The LOVELL CLAY PRODUCTS COMPANY, Plaintiff-Appellant,
v.
STATEWIDE SUPPLY COMPANY, Defendant and Cross-Appellee, and
Northern Contracting Co., Ivywild Sanitation District, and United States Fidelity & Guaranty Co., Defendants-Appellees and Cross-Appellants.
No. 77-591.
Colorado Court of Appeals, Div. II.
June 22, 1978.
*1279 Dawson, Nagel, Sherman & Howard, W. David Pantle, Denver, for plaintiff-appellant.
Holland & Hart, Wiley E. Mayne, Jr., John U. Carlson, Denver, for defendants-appellees and cross-appellants.
BERMAN, Judge.
Plaintiff, The Lovell Clay Products Company (Lovell), instituted this action against defendant, Statewide Supply Company (Statewide), for the value of clay sewer pipe sold on an open account. Since Statewide supplied the pipe to the general contractor, defendant Northern Contracting Co. (Northern), for construction of a public works project sewer line, Lovell also asserted claims for relief against Northern, against the owner of the project, defendant Ivywild Sanitation District (the District), and against its bonding company, defendant United States Fidelity and Guaranty Co. (the bonding company). By these latter claims, Lovell sought to recover on the public works contractor's bond pursuant to § 38-26-105, C.R.S.1973, or, alternatively, to recover on funds withheld from Northern by the District pursuant to § 38-26-107, C.R.S.1973. [1]
The trial court granted judgment in favor of Lovell and against Statewide on the open account, and that judgment is not challenged here. Lovell, however, appeals the court's order granting summary judgment in favor of, and dismissing its claims against, Northern, the District, and the bonding company. Northern and the bonding company cross-appeal, urging that the court improperly denied their cross-claim against Statewide for attorney's fees incurred by them in defending against Lovell's suit. We affirm the trial court's judgment in its entirety.

Lovell's Claims for Relief
In October 1973, the District awarded Northern a contract to construct a sanitary sewer relief line. Northern subsequently contracted with Statewide to supply the required clay pipe for the project. Lovell, in turn, served as Statewide's source of supply, invoicing Statewide, but shipping the pipe directly to Northern at the project site.
In January 1974, Northern made full payment to Statewide. Statewide, however, failed to make any payment to Lovell, and subsequently, by notifying the District to withhold payment to Northern, and of its claim against the public works bond issued to the District by the bonding company, Lovell sought to invoke the statutory remedies at issue here.
Section 38-26-105, C.R.S.1973, confers on "[s]ubcontractors, materialmen, mechanics and others" a right of action against the principal and surety of a public works contractor's bond for amounts due "from the contractor or subcontractor." Section 38-26-107, C.R.S.1973, also enables any supplier of labor or materials to require the public works owner to withhold sufficient funds from the project's "contractor or subcontractor" to insure payment of the supplier's claims against the contractor or subcontractor.
*1280 Lovell urges that by Statewide's selling the clay pipe used in the project to Northern, Statewide was a "subcontractor" within the meaning of the above statutes, and that as the supplier of the pipe to Statewide, it is entitled to the statutes' protections. We disagree.
The word "contractor" is defined for purposes of the contractor's bond and payment withholding statutes as a person or business entity "to whom is awarded any contract for the construction, erection, repair, maintenance, or improvement" of some public work. Section 38-26-101, C.R.S.1973. A "subcontractor" is therefore one contracting with the principal contractor or another subcontractor, South-Way Construction Co., Inc. v. Adams City Service, 169 Colo. 513, 458 P.2d 250 (1969), to perform a substantial, specified portion of such a public works contract. See Kobayashi v. Meehleis Steel Co., 28 Colo.App. 327, 472 P.2d 724 (1970).
The statutory definition's inclusion of the phrase "for . . . construction, erection, repair, maintenance, or improvement" further signifies, in our view, the General Assembly's intent to limit the statutes' coverage to one actively involved in the project's execution, as opposed to one only passively supplying materials, i. e., a materialman. We therefore hold that a supplier to a materialman is not entitled to the protections conferred by §§ 38-26-105 and 107, C.R.S.1973. See Ronald A. Coco, Inc. v. St. Paul's Methodist Church, 78 N.M. 97, 428 P.2d 636 (1967); Morris County Industrial Park v. Thomas Nicol Co., 35 N.J. 522, 173 A.2d 414 (1961). See generally Annot., 141 A.L.R. 321 (1952). As the New Jersey Supreme Court has observed:
"While it may be suggested that the line we adhere to is an artificial one in extending the benefit of the bond only to materialmen having a contractual relationship with the general contractor or one of his subcontractors and not to a supplier of a materialman who is in turn in privity with the prime contractor, the matter is one for legislative judgment and any intent to cover such a supplier should be clearly made known through appropriate statutory language." Morris County Industrial Park v. Thomas Nicol Co., supra.

Since here Statewide did not manufacture or process the pipe installed by Northern in the District's project, cf., e. g., Theisen v. County of Los Angeles, 54 Cal.2d 170, 5 Cal.Rptr. 161, 352 P.2d 529 (1960), but merely ordered it delivered by Lovell, Statewide was not a "subcontractor" within the meaning of the statutes in issue, but merely a materialman. As such, Lovell's claims for relief premised on Statewide's status as a subcontractor were properly dismissed.

Northern's and The Bonding Company's Cross-Claim
Northern and its surety, the bonding company, [2] asserted a cross-claim against Statewide for the amount of any judgment obtained by Lovell against them attributable to Statewide's failure to pay Lovell for the pipe, and for interest, costs, and reasonable attorney's fees consequently incurred. After ruling on Lovell's claims for relief, the trial court denied the cross-claimants' motion for summary judgment on their cross-claim for attorney's fees.
At the outset we observe that the cross-claim itself sought litigation expenses from Statewide only "in the event" the cross-claimants were held liable to Lovell, and such was, and is, not the case. Even assuming, however, that the cross-claim adequately set forth a claim for attorney's fees in the absence of such a determination of liability, the trial court properly refused to award the cross-claimants attorney's fees.
In the absence of a specific contractual or applicable statutory provision, *1281 attorney's fees and expenses of litigation are not ordinarily recoverable. Beebe v. Pierce, 185 Colo. 34, 521 P.2d 1263 (1974). A limited exception has been recognized when the natural and probable consequence of a defendant's tortious acts has been to embroil the plaintiff in separate litigation with a third party. International State Bank v. Trinidad Bean & Elevator Co., 79 Colo. 286, 245 P. 489 (1926); See McNeill v. Allen, 35 Colo.App. 317, 534 P.2d 813 (1975). Nonetheless, since we agree with the trial court that Statewide's failure to pay Lovell was not tortious in nature, that exception is inapposite here.
The cross-claimants also urge that it was an "implied covenant" of Northern's oral sales contract with Statewide, "that Statewide would pay its suppliers for products used in the Ivywild job for which Northern was the prime contractor, so as to insulate Northern from liability." We decline, however, to imply such a covenant here so as to broaden the limited exception to the general rule denying recovery of attorney's fees and expenses of litigation.
Judgment affirmed.
ENOCH and VanCISE, JJ., concur.
NOTES
[1] This action arose under C.R.S.1963, 86-7-4 and 86-7-7, but subsequently, the parties and the court exclusively referred to the 1973 codifications. There are no material differences in the wording of the two codifications.
[2] The District purports to join in Northern's and the bonding company's cross-appeal. The District, however, was not a party to their cross-claim for attorney's fees, or the motion for summary judgment in favor of that claim, the denial of which is the basis of the cross-appeal.