Joseph Gill, of Albuquerque, for appellants.

F. C. H. Livingston, of Belen, and R. P. Barnes, of Albuquerque, for appellee.

34 P.(2d) 670

**CHAVEZ et al. v. ADE.**

No. 3919.

Supreme Court of New Mexico.

July 2, 1934.

BICKLEY, Justice.

Appellants commenced suit to quiet title to lands. Appellee (defendant) answered denying plaintiffs' claim of title, and by way of cross-complaint alleged title in himself. Defendant further alleged that the source of his title was a tax deed and that "defendant also paid other taxes then due and owing and delinquent, * * * in the sum of $677.57."

He prayed: (a) That plaintiffs be denied the relief prayed in plaintiffs' complaint; (b) that title be declared to be in the defendant; (d) "that in event plaintiffs' title be estab-

lished in and to the said premises, that the same be so established upon the terms and conditions that plaintiffs refund and pay to defendant the sum of $677.57 paid by the defendant as and for taxes levied and assessed by the County of Valencia against the said premises, with interest."

The case was tried and the court made findings of fact and conclusions of law, one conclusion being "that the purported tax deeds offered in evidence by the defendant are void on their face and convey no title to the defendant."

Over a year later, on June 12, 1929, a decree was filed, stating that it appeared from the findings of fact and conclusions of law "that plaintiffs are entitled to recover the premises described in their complaint, and that the defendant has paid taxes on said premises of the plaintiffs for the benefit of the plaintiffs in the sum of Six Hundred Seventy-Seven Dollars and fifty seven/100 ($677.57), said payment having been made on the 22nd day of April, 1927, and that defendant is entitled to have and recover said sum, together with interest thereon at the rate of six per cent (6%) per annum from the 22nd day of April, 1927 until paid from the plaintiffs *before any affirmative relief shall be granted to the plaintiffs.*"

It was then ordered that the plaintiffs, on or before 90 days from and after the entry of the decree, pay into the office of the clerk and register of the court for the benefit of the defendant, the sum of $677.57, with interest, and that in default of said payment upon the certification filed herein of such default by the clerk of the court, "that this *cause* stand dismissed with prejudice to the plaintiffs and each of them." And it was further ordered that the cause remain open for a period of ninety days from and after the entry of the decree for such further order and decree as to the court may appear meet and proper.

On September 13, 1929, a "final decree" was entered, reciting that the plaintiffs had failed to comply with the order of the court theretofore made, and had failed to pay to the clerk of the court for the benefit of the defendant the sum of $677.57 with interest, and that the plaintiffs were in default of said payment, and that more than ninety days had elapsed since the filing of said order, and it was therefore "adjudged and decreed that the complaint of the plaintiffs be, and the same is hereby dismissed with prejudice, to all of which the plaintiffs, by their counsel, except." No exceptions were taken by the defendant.

On February 20, 1931, defendant filed its "motion to sell" the premises involved, claiming a lien upon said premises.

On April 10, 1933 there was filed an "order and judgment" which recites that the cause came on for hearing upon the motion of defendant for an order to sell the premises described in the complaint for the purpose of paying to the defendant the sum of $677.57 for taxes advanced by the defendant for the benefit of the plaintiffs. The court sustained the motion and appointed a referee to sell the land and to pay the defendant out of the proceeds of the sale the sum of $677.57 with interest. To this decision of the court the plaintiffs excepted and objected.

On June 20, 1933, there was filed an "order confirming referee's report." '

■ These proceedings subsequent to the final decree of dismissal were duly excepted to by plaintiff, chiefly upon the ground that the court had lost jurisdiction to make and enter the orders of sale and order confirming said sale. Plaintiffs have appealed from the judgment entered April 10, 1933, and the order of June 20, 1933.

"The general rule is that, where a suit is dismissed or a non-suit ordered, it carries the parties and the entire cause of action out of court, and all further proceedings in the action are unauthorized until the judgment of dismissal or non-suit is vacated and the cause reinstated, except to render judgment or decree for costs, or to make such order or decree in the cause as may be necessary to effectuate the judgment terminating the cause, and except on appeal." 18 C. J. "Dismissal and Non Suit," § 143.

■ If it be suggested that in effect the court attempted to vacate its "final decree" dismissing the cause on September 13, 1929, we find such action to be unauthorized. The motion of defendant to sell the property, if it could be considered as also a motion to vacate the judgment of dismissal, was made more than seventeen months after the cause was dismissed, and would be too late under the statute authorizing judgments to be vacated, for irregularity if any irregularity could be claimed, and it is apparent that it is not a default judgment, and the motion would be too late if it were.

In 18 C. J., "Dismissal and Non Suit," § 148, it is said: "It is competent for a court to reinstate a case during the same term at which it was dismissed, * * * but in accordance with the rule limiting the power of the court over their judgments rendered to the duration of the term at which they are entered, the court ordinarily has no power to set aside a dismissal or non suit and reinstate the cause at a subsequent term."

We no longer have terms of court for trial of nonjury cases, but we have said in Kerr v. S. W. Fluorite Co. et al., 35 N. M. 232, 294 P. 324, 325, that: "The motion to vacate was interposed less than one year and more than 60 days after entry of judgment. It was therefore not maintainable under 1929 Comp. § 105—801, which restored to district courts, during the period of 30 days, the control which they formerly had over their judgments during term time; which control had been held destroyed as the effect of abolishing terms of court except for jury cases." It was therefore held that the motion to vacate the judgment was filed too late. See, also, Board of County Commissioners v. Wasson, 37 N. M. 503, 24 P.(2d) 1098, where we held: "Trial court held without power to vacate judgment for amount of damages awarded by appraisers in condemnation proceeding on motion made over thirty days after entry thereof; case having been 'tried' and final judgment rendered on issues."

The thirty-day period during which a judgment is under the control of the court had long expired before defendant's motion in the case at bar was filed. So we hold that the court was without authority to render the judgment of April 10, 1933, or the order of

June 20, 1933, and they are therefore reversed and the cause remanded, and

It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.