240 P.2d 846

BROWN et ux. v. BOWLING et al.

No. 5406.

Supreme Court of New Mexico.

Feb. 6, 1952.

W. T. O'Sullivan, Albuquerque, for appellants.

Rueckhaus & Watkins, Albuquerque, for appellees.

ANDERSON, District Judge.

Plaintiffs-appellants are husband and wife and are the grantees in a tax deed from the State Tax Commission of the State of New Mexico covering 640 acres of land in Sections 27 and 34, Township 24 North, Range 2 West, N.M.P.M., Rio Arriba County, New Mexico. The defendants and intervenors-appellees are heirs at·law of James T. Bowling, deceased. James T. Bowling, during his lifetime, was grantee in patents from the United States of America to the land involved in this suit. On December 7, 1937, the land was sold to the State of New Mexico for delinquent taxes.

November 7, 1949, plaintiffs filed a complaint in the District Court of Rio Arriba County, New Mexico, seeking to quiet title to this property. December 22, 1949, Mary E. Gardner filed in the office of the Clerk of the Court at Rio Arriba County, New Mexico, a motion.to permit intervention, alleging, among other things, that she and the intervenors named were all heirs of James T. Bowling, deceased, and as such had a good and rightful defense to the complaint seeking to quiet title in the plaintiffs. Issue was joined by answer filed in

98

the case setting out the names of the heirs at law of James T. Bowling, deceased, denying the allegations of the complaint and claiming ownership in fee simple of the Rio Arriba lands described to be in the intervenors named therein.

Upon trial of the case, the court, on November 27, 1950, caused to be filed its findings of fact and conclusions of law, reciting, among other things: the sale of the lands involved to the State for delinquent taxes due for the years 1933 and 1934, interest, penalty and costs, the expiration of the statutory period of redemption, no redemption having been made and the execution and delivery of the tax deed to the plaintiffs.

The court found the purchase contract between the State Tax Commission and the plaintiffs was entered into and that community funds of plaintiffs were used by them to purchase said property from the State Tax Commission; finding further that Marie Anne Brown at the time of the entry into the contract to purchase with the State Tax Commission was a school teacher in the County of Rio Arriba and as such *was an employee of the County of Rio Arriba and State of New Mexico*. (Italics ours.) The court then found that plaintiffs entered into possession of the lands and at all times material and at the time of the entry of the decree were in possession and occupancy thereof.

The court then finds that defendants and intervenors have tendered into court $657.-58 to reimburse plaintiffs for taxes they have paid upon the premises. The court concludes as a matter of law that at the time of the entry into the contract with the State Tax Commission to purchase the property, plaintiff Marie Anne Brown was an employee of the County of Rio Arriba, State of New Mexico, and violated the provisions of Sec. 76–707, New Mexico Statutes Annotated, 1941, which provides as follows: "On the fifth day of the sale, all property on which no acceptable bid has been received, shall be sold to the state of New Mexico for the amount of the taxes, penalties, interest and costs due thereon. No official of any county or municipality, deputy or employee thereof, shall be interested or concerned directly or indirectly in the purchase of, or dealing in any lands, lots, or other property sold for delinquent taxes by the county treasurer, or in the purchase of tax sale certificate from such treasurer; nor shall any state official, deputy thereof, or person employed in any capacity by the state, or any county, or municipality, be interested or concerned, directly or indirectly in the purchase of any lands, lots or other property sold by the state tax commission under the provisions of this act. Any violation of the provisions of this section shall be punishable by removal from office of such officer, deputy, or employee."

The court then concluded that the deed from the State Tax Commission to plaintiffs be declared void and that title of the heirs of James T. Bowling be quieted when plaintiffs had been reimbursed for all monies paid by them to the State Tax Commission for said property and for the value of improvements placed thereon by plaintiffs. The value of improvements was to be determined by the court after hearing additional evidence on that point. A judgment was then entered by the court within the findings of fact and conclusions of law declaring the deed to the plaintiffs from the State Tax Commission to be void and quieting title in the heirs of James T. Bowling, subject to the reimbursement above stated. From that judgment the case is here on appeal.

We will discuss Points 1 and 2 relied upon by appellants for reversal of the judgment together with their fourth assignment of error, which are as follows:—

Point 1. "New Mexico Statutes Annotated 1941, 76–707, if applicable to appellants and each of them—as determined applicable below—is so indefinite and uncertain that such statute is unconstitutional and void to such extent as so applied."

Point 2. "The penal provisions of N.M. S.A.1941, 76–707, must be strictly construed and should not be extended beyond their express application to state, county and municipal employees so as to include school teachers not in fact employed by either the state or any county or any municipality thereof."

The fourth assignment of error is as follows: "The trial court erred in making its Finding of Fact number 8 insofar as the same contains the conclusion of law 'And as such was an employee of the County of Rio Arriba and State of New Mexico.'"

Other assignments of error are effectively disposed of by this opinion or are rendered unimportant by the conclusion reached.

The court in its findings of fact found among other things: No. 8. "That the said Marie Anne Brown took an active part in purchasing said property; that the said Marie Anne Brown, at the time she and Paul Brown entered into said contract to purchase said property, was a school teacher in the County of Rio Arriba *and as such was an employee of the County of Rio Arriba, and State of New Mexico.*" (Italics ours.)

The italicized portion of this finding whether of fact or law is not supported by any substantial evidence in the record. The record is clear and exclusive on this point that Marie Anne Brown was employed by the County *Board of Education* of Rio Arriba County.

Conclusion of Law Number 2 ultimately must bottom upon Finding of Fact Number

8. It is as follows: "At the time the plaintiffs entered into the contract to purchase the property involved in this suit from the State Tax Commission, the plaintiff, Marie Anne Brown, was an employee of the County of Rio Arriba and State of New Mexico, and the Statute referred to in Paragraph I above was clearly violated when the plaintiffs made said purchase."

Since Finding of Fact Number 8 is not supported by the record, the conclusion that plaintiff Marie Anne Brown was an employee of Rio Arriba County is without effect unless under all of the record and of the law applicable, she is within the prohibition of the statute above set out.

 This statute whether termed remedial or penal is by its very terms penal at least to the extent that it imposes a penalty of removal from office for violation of its terms.

We are committed to the plain meaning rule of statutory construction. Harrison v. Harrison, 21 N.M. 372, 155 P. 356, L.R.A.1916E, 854; In Re Vigil's Estate, 38 N.M. 383, 34 P.2d 667, 93 A.L.R. 1506. The statute is penal in character and should be strictly construed. State v. Alexander, 46 N.M. 156, 123 P.2d 724; United States v. Santistevan, 1 N.M. 583. This statute plainly states the class of persons affected by its provisions and it is obvious that its purpose is to prevent those persons employed by state, county or municipality from dealing in tax titles or in tax sale certificates because out of such employment by state, county or municipality, some advantage might be gained and used to the detriment of the taxpayer and the public. The state, county and municipality and its officers and employees are directly engaged and concerned with the assessment, levy and collection of taxes.

Surely it cannot be successfully argued that a rural school teacher because of her employment by a County Board of Education should by construction be said to be a person of a class who might profit unduly or unfairly from the purchase of tax deeds or tax certificates because of such employment. To so hold would be to enlarge the terms of the statute both as to words and meaning.

 It is recognized that for some purposes the County Board of Education is an agency of the state. For other purposes, it is considered separate and distinct from the state or from the county itself. McAtee v. Gutierrez, 48 N.M. 100, 146 P.2d 315. It is an entity for specific governmental purposes distinct from the county within which it lies. Briegel v. City of Philadelphia, 135 Pa. 451, 19 A. 1038, 20 Am.St.Rep. 885. See also Spencer v. School District No. 1, 121 Or. 511, 254 P. 357; Olsen v. Independent & Consolidated School District No. 50 of St. Louis County, 175 Minn. 201, 220 N.W. 606.

 

Since strict construction of the statute is indicated, does the statute specifically name those persons employed by County Boards of Education? A school teacher employed by a common school district is "employee" not "officer", and the relationship between school teacher and school board is contractual only. Mootz v. Belyea, 60 N.D. 741, 236 N.W. 358, 75 A.L.R. 1347; State ex rel. and to use of Gorman v. Offutt, Mo.Sup., 9 S.W.2d 595. Since rural school teachers are not expressly within the statutory prohibition, we will not enlarge the statute to include them since both the language of the statute and its meaning are plain and specific, at least in so far as the question whether or not a school teacher situated as this plaintiff is comes within its terms.

It is claimed by the appellants that the statute in question is so indefinite and uncertain that it is unconstitutional and void. We do not deem it necessary to decide this question since the case will be disposed of on the ground that Marie Anne Brown is not one of the persons prohibited by the statute from purchasing a tax deed from the state.

Appellees rely upon the case of Eager v. Belmore, 53 N.M. 299, 207 P.2d 519, as authority for the position taken by the court below. This case dealt with a person expressly included within the prohibition of the statute and is authority strictly for the conclusion reached under a set of facts which do not exist in this case.

We hold that a rural school teacher employed by a County Board of Education is not within the class prohibited by Section 76-707, and there is nothing in the record to sustain a finding that this plaintiff, Marie Anne Brown, was an employee of Rio Arriba County.

The judgment will be reversed and the cause remanded to the District Court with a direction to vacate its judgment and render one quieting title in the plaintiffs.

It is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

LUJAN, C. J., and COORS, J., not participating.