512 P.2d 679

**W. W. SMITH and Ruth Alyce Smith,
his wife, Plaintiffs-Appellants,**

**v.**

**Bettye R. WALCOTT, Defendant-Appellee.**

**No. 9624.**

Supreme Court of New Mexico.
July 20, 1973.

James G. Huber, Santa Fe, for plaintiffs-appellants.

John S. Spence, Paul B. Rasor, Alamogordo, for defendant-appellee.

## OPINION

OMAN, Justice.

Plaintiffs brought suit against defendant to recover an admittedly unpaid balance owing on a promissory note executed by defendant and her former husband, who is now deceased. The trial court sustained defendant's motion for judgment on the pleadings and ordered plaintiffs' complaint dismissed with prejudice. Plaintiffs appealed. We reverse.

On November 30, 1957, defendant and her then husband executed, in favor of plaintiffs, a promissory note secured by a mortgage lien on real estate. On May 24, 1966, plaintiffs brought suit [hereinafter

referred to as the prior suit] to recover the amount of $3,637.64 allegedly unpaid and owing on the principal and interest of the note, together with interest thereon and attorney's fees as provided in the note, and for a decree of foreclosure of the lien upon the real estate.

On June 24, 1966, defendant's husband, who was an attorney at law, signed and filed on behalf of himself and defendant, as their attorney, an answer wherein they admitted the execution of the note and mortgage but denied the amount of $3,637.-64 was owing thereon. They affirmatively alleged and prayed:

"1. That since execution of the promissory note and mortgage described in Plaintiffs' Complaint in the sum of $3,700.00, the Defendants have paid a total of THREE THOUSAND SIX HUNDRED THIRTY-THREE ($3,633.-00) DOLLARS on said note, ONE THOUSAND TWO HUNDRED SIX-TY-NINE AND NINETEEN HUN-DREDTHS ($1,269.19) DOLLARS of which was or should have been applied to interest and TWO THOU-SAND THREE HUNDRED SIXTY-THREE AND EIGHTY-ONE HUN-DREDTHS ($2,363.81) DOLLARS of which was or should have been applied to the principal, leaving a balance due on said promissory note in the sum of ONE THOUSAND THREE HUNDRED THIRTY-SIX AND NINETEEN HUNDREDTHS ($1,336.19) DOL-LARS.

"2. That the defendants are ready, willing and able [to pay] and hereby tender the sum of ONE THOUSAND THREE HUNDRED THIRTY-SIX AND NINETEEN HUNDREDTHS ($1,336.19) DOLLARS in full payment of the balance due to the Plaintiffs.

"WHEREFORE, having fully answered Plaintiffs' Complaint the Defendants pray the Judgment be entered in the sum of ONE THOUSAND THREE HUN-DRED THIRTY-SIX AND NINE-TEEN HUNDREDTHS ($1,336.19)

DOLLARS plus allowed interest from January 29, 1964, the date on which the last payment was made; and for such other and further relief as to the Court may seem just and proper in the premises."

Defendant's deceased husband, as one of the defendants in that prior suit, disqualified the resident district judge pursuant to the provisions of § 21–5–8 N.M.S.A. 1953 (Repl. Vol. 4, 1970). This judge's term of office expired on December 31, 1967, and his successor took office. The defendant's husband died in January 1970, and on November 9, 1970 the then district judge dismissed the case, on the court's own motion, for lack of prosecution.

The present suit was filed in the same district court on March 22, 1972. By their amended complaint in this present suit, plaintiffs sought recovery of the amount of $1,336.19, together with interest thereon at the rate of 6% per annum from January 24, 1964, which was admittedly due and owing, as shown by the above quoted language from the answer filed by plaintiff and her deceased husband in the prior suit. They also sought attorney's fees, as provided by the note, and costs of suit.

By her answer filed April 5, 1972, defendant admitted the material allegations of plaintiffs' amended complaint, except for the allegations that:

"No part of the unpaid sum of $1,336.-19 has been paid, and there is now due and owing to Plaintiffs the sum of ONE THOUSAND THREE HUNDRED THIRTY-SIX DOLLARS AND NINE-TEEN CENTS ($1,336.19) plus interest at the rate of SIX PER CENT (6%) per annum from January 29, 1964, plus attorney's fees in the amount of TEN PER CENT (10%) of the total of the unpaid sum and interest."

Defendant also filed on April 5, 1972 a motion pursuant to Rule 12(b) of the Rules of Civil Procedure [§ 21–1–1(12)(b), N.M.S.A.1953 (Repl. Vol. 4, 1970)]. She thereby sought dismissal of the present suit for lack of jurisdiction over the subject

matter. Her stated grounds for this motion were:

"* * * that the same cause of action was initiated by Plaintiffs against the Defendant, then known as Bettye R. Chase in Cause Number 11170 [prior suit] in the District Court of Otero County, New Mexico; that the Court therein having first obtained jurisdiction of the parties and the subject matter therein, this Court is without jurisdiction to proceed further."

In addition to her answer and motion to dismiss filed in the present suit, defendant also filed on April 5, 1972 two motions in the prior suit to dismiss plaintiffs' complaint therein. One of these motions is of no significance to a determination of the issues presented on this appeal. The other motion was filed pursuant to Rule 41(e) of the Rules of Civil Procedure [§ 21-1-1(41)(e), N.M.S.A.1953 (Repl. Vol. 4, 1970)]. The prior suit had already been dismissed for lack of prosecution by the order entered on the court's own motion on November 9, 1970. It is apparent defendant's action in filing the motion under Rule 41(e), supra, was taken for the purpose of securing a dismissal with prejudice of plaintiffs' complaint in the prior case.

The resident district judge, who entered the order of dismissal on November 9, 1970, entered an order on April 25, 1972, pursuant to Rule 41(e), supra, purporting to dismiss "with prejudice" plaintiffs' complaint in the prior suit.

This judge had been disqualified in the present suit on April 11, 1972, under § 21-5-8, supra, and another district judge was designated to preside over all proceedings in this case. On August 30, 1972, an order was entered in which the court found and ordered as follows:

"1. The issues joined by pleadings in this cause are identical to the issues joined in Cause No. 11170, in the District Court of Otero County, which is a prior pending action.

"2. There is identity of parties in the present action and the prior pending action.

"3. Cause No. 11170 was dismissed for failure of prosecution on November 9, 1970, and a further order of dismissal with prejudice was entered in such action on April 25, 1972.

"4. By reason of such disposition the issues in the present case are res judicata.

"IT IS THEREFORE ORDERED, that the Complaint of Plaintiffs herein be dismissed with prejudice."

It is from this order that plaintiffs have taken this appeal.

Both sides in this cause concede that the order of November 9, 1970 was a valid order of dismissal. However, at one point in her argument, defendant contends this was of necessity a dismissal under Rule 41(e), supra, and at another point apparently contends it was entered pursuant to the inherent power of the court to dismiss for failure to prosecute, and, thus, was voidable. She urges that the motion of April 5, 1972 to dismiss the prior suit under Rule 41(e), supra, was filed "* * * in anticipation of a possible motion by plaintiff to set aside the order of November 9, 1970, * * *."

The order of November 9, 1970 was not entered pursuant to the provisions of Rule 41(e), supra. This was an order entered sua sponte by the trial court. No motion whatever was filed by defendants in that suit, no hearing was conducted, and none of the other procedures contemplated by Rule 41(e), supra, were followed. For a discussion of the procedures contemplated under Rule 41(e), supra, see State ex rel. Reynolds v. Molybdenum Corp. of Amer., 83 N.M. 690, 496 P.2d 1086 (1972).

▆▆▆ A trial court does have the inherent power to dismiss a cause for failure of prosecution. Southwest Underwriters v. Montoya, 80 N.M. 107, 452 P.2d 176 (1969); Foster v. Schwartzman, 75 N.M.

632, 409 P.2d 267 (1965); City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701 (1939). The order or judgment entered pursuant to this inherent power is final and effectively terminates a case, unless and until it is properly reinstated. See Martin v. Leonard Motor-El Paso, 75 N.M. 219, 402 P.2d 954 (1965). No action was requested of or taken by the trial court in the prior case to vacate the judgment of November 9, 1970 or to reinstate that cause. Thus, the finding of the trial court in the present case that cause No. 11170 "is a prior pending action" is unsupported by the record, as is the finding that "a further order of dismissal with prejudice was entered in such action [cause No. 11170] on April 25, 1972." It is true a purported order was filed, but this order had no effect, since the case was not then pending and there was no case to dismiss with prejudice pursuant to Rule 41(e), supra, or pursuant to any other power of the court. The court had no jurisdiction to enter this order of April 25, 1972. Compare In re Field's Estate, 40 N.M. 423, 60 P.2d 945 (1936); Chavez v. Ade, 38 N.M. 389, 34 P.2d 670 (1934).

■ The trial court's finding, that "[b]y reason of such disposition [the disposition of the prior suit by the order of November 9, 1970 and the purported order of April 25, 1972], the issues in the present case are res judicata," is also unsupported by the record. The order of dismissal entered sua sponte by the trial court did not constitute an adjudication upon the merits. Hence, the doctrine of res judicata is not applicable to the issues presented in the case now before us on this appeal. Otero v. Sandoval, 60 N.M. 444, 292 P.2d 319 (1956).

Defendant relies upon the case of Eager v. Belmore, 53 N.M. 299, 207 P.2d 519 (1949). However, her reliance thereon is predicated upon her contention that the order of November 9, 1970 was entered pursuant to Rule 41(e), supra, and we have already rejected this contention.

■ There is still another reason why the order of November 9, 1970 did not constitute an adjudication of the issues now before us in the present suit and the doctrine of res judicata is not applicable thereto. The present suit is founded upon the admission in the answer filed by defendant and her then husband in the prior suit. This admission is quoted above. Section 23–1–16, N.M.S.A. 1953 (Supp. 1971) provides in pertinent part:

"Causes of action founded upon contract shall be revived by the making of any partial or instalment payment thereon or by an admission that the debt is unpaid, as well as by a new promise to pay the same; but such admission or new promise must be in writing, signed by the party to be charged therewith. Such a cause of action shall be deemed to have accrued upon the date of such partial or instalment payment, admission of indebtedness or promise to pay. * * *"

Insofar as here pertinent, the full title to this section of our statutes as adopted by our Legislature is:

"An Act to Provide for Revival of Causes of Action Founded Upon Contract by the Making of Payments and Relating to the Accrual of Causes of Action Revived by Payment; Admission of Debt or Promise to Pay * * *." N. M.Laws 1957, Ch. 170.

Clearly this statute provides that a cause of action revived by an admission of a debt, "shall be deemed to have accrued upon the date of such admission." Thus, the cause of action arising from the admission in the answer filed in the prior suit, which is the cause of action upon which plaintiffs brought the present suit, is a new cause of action and not the same cause upon which plaintiffs brought their prior suit, which was dismissed by the order of November 9, 1970. See Cain v. Bonner et al., 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874 (1917); compare McCormick v. Brown, 36 Cal. 180, 95 Am.Dec. 170 (1868); Custy v. Donlan, 159 Mass. 245, 34 N.E. 360 (1893).

■ Although apparently not raised in the court below, on appeal defendant

claims that since she did not personally sign the answer in the prior suit, in which appears the admission of the debt now sued upon, she is not bound by the admission. It is true she did not personally sign the answer in the prior suit, but in her answer in the present suit she admits her deceased husband signed the answer in the prior suit as attorney for her and himself. No question has been raised as to his authority to sign the answer as her attorney or to make the admission on her behalf. Under these circumstances, his signature on her behalf to the answer in the prior suit had the same effect as if she had personally signed. See Rule 11 of the Rules of Civil Procedure [§ 21–1–1(11), N.M.S.A.1953 (Repl. Vol. 4, 1970)]. See also § 18–1–10, N.M.S.A.1953 (Repl. Vol. 4, 1970) as to the authority of an attorney to act on behalf of a client. The language of this section of our statutes has been adopted as Supreme Court Rule 3–5(A) by order entered July 10, 1973, and which rule shall become effective September 1, 1973.

 As stated in Coldwater Cattle Co. v. Portales Valley Project, Inc., 78 N.M. 41, 45, 428 P.2d 15, 19 (1967):

"It is a general rule, subject, however, to certain exceptions, not applicable here, that an agency may be created for the performance of any lawful act, including acts done under the authority of a statute. I Mechem on Agency, 2nd Ed., § 80. In order to determine that a right conferred by statute shall only be exercised personally and cannot be delegated to an agent something must be found in the Act by express enactment or necessary implication which prevents an agent from acting. State ex rel. Hansen v. Schall, 126 Conn. 536, 12 A.2d 767 (1940); Mansfield v. Scully, 129 Conn. 494, 29 A.2d 444 (1942); Ludwig v. Cory, 158 Ind. 582, 64 N.E. 14 (1902); I Mechem on Agency, 2nd Ed., § 125, n. 21."

██ Insofar as an agent's acts are within his authority, they are the acts of the principal within the contemplation of law and are binding upon the principal. Ronald A. Coco, Inc. v. St. Paul's Methodist Church, 78 N.M. 97, 428 P.2d 636 (1967).

██ Plaintiffs further contend that since they, as well as defendant, filed a motion for judgment on the pleadings, it is obvious neither side believes there is any genuine issue of fact to be resolved and, therefore, plaintiffs are entitled to judgment. We cannot agree.

It is obvious that the trial court dismissed the complaint for the reasons stated in its order, which is quoted above. It is also obvious that defendant denied plaintiffs' allegation in their amended complaint that no part of the amount admittedly owing at the time of the filing of the answer in the prior suit has been paid.

The order of dismissal is reversed and the cause remanded to the district court for such further proceedings as are necessary to bring this cause to a conclusion consistent with the views expressed in this opinion.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.