633 P.2d 687

**Clarence "Frank" TURLEY, Petitioner,**

**v.**

**STATE of New Mexico, Respondent.**

**No. 13424.**

Supreme Court of New Mexico.

Aug. 17, 1981.

Leslie Rakestraw, Rio Rancho, for petitioner.

Jeff Bingaman, Atty. Gen., Jill Z. Cooper, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

EASLEY, Chief Justice.

Turley was charged with using mechanical earth-moving equipment to excavate an archaeological site on another person's private property to remove objects of antiquity without a permit. The trial court dismissed the criminal information. The Court of Appeals reversed. We reverse the Court of Appeals and affirm the trial court's dismissal of the criminal information against Turley.

The issue is whether Turley, employed by the landowner to do the digging, violated Section 18–6–11, N.M.S.A. 1978 (Repl. Pamp. 1980), in excavating on the employer's land without a permit approved by the state archaeologist. We hold that Turley, as an employee of the landowner, was not required to obtain a permit.

Subsection (A) of the statute reads, in part:

> It is unlawful for any person to excavate with the use of mechanical earth moving equipment an archaeological site for the purpose of collecting or removing objects of antiquity when such archaeological site is located on private land in this state, unless such person has first obtained a permit issued pursuant to the provisions of this section for such excavation.

Subsection (B) permits such excavation upon approval of the state archaeologist and sets forth the procedure for obtaining the permit. Subsection (C) provides that archaeological specimens collected shall be the property of the person owning the land on which the site is located.

Subsection (D) is significant here, providing:

> Nothing in this section shall ... require such owner to obtain a permit for personal excavation on his own land.

The State contends that the permit procedure is mandatory when the landowner has authorized another person to do the excavation. In essence, the State argues that the word "personal" in Section 18–6–11(D), means that the landowner

must personally operate any mechanical earth-moving equipment, or obtain a permit for a non-owner operator.

We disagree. We construe Section 18–6–11 according to its plain meaning. *Brown v. Bowling*, 56 N.M. 96, 240 P.2d 846 (1952). The State's interpretation would reject the application of the law of agency to these facts. It is an elementary principle of law that a person may do anything through an agent that he may lawfully do personally, unless public policy or some agreement requires personal performance. *Smith v. Walcott*, 85 N.M. 351, 512 P.2d 679 (1973); *Coldwater Cattle Co. v. Portales Valley Project, Inc.*, 78 N.M. 41, 428 P.2d 15 (1967); 3 AM.JUR.2d, *Agency*, § 20 (1962); *Restatement (Second) of Agency*, § 17 (1958). Furthermore, in order to determine that a right conferred by statute must be exercised personally and cannot be delegated to an agent, the statute must either expressly or by necessary implication prevent an agent from acting. *Smith v. Walcott, supra; Coldwater Cattle Co. v. Portales Valley Project, Inc., supra.*

■ The statute here does not state or imply that excavation by an agent is proscribed. We therefore conclude that in exempting the landowner from the permit requirement, the statute also allows the landowner to use an employee or agent to accomplish the task.

■ Applying this rule to the facts of this case, we inquire whether Turley was operating solely in the capacity of an agent of the landowner. Turley was employed under a written contract with the landowner which was stipulated at trial to be the complete understanding and agreement of the parties thereto. The contract provided that Turley was to perform certain excavation on behalf of and under the personal supervision of the landowner. The contract further provided that all artifacts recovered during the excavation were to be the sole property of the landowner. Under these facts, Turley was clearly not operating in any proprietary capacity, or as a licensee, or as a joint venturer or partner with the landowner, but merely as the agent of the

landowner, and solely on his behalf and under his control. As an agent of the landowner, Turley was not required to obtain a permit.

■ As to an additional point of error raised by Turley, we find there is insufficient evidence in the record upon which the Court of Appeals could predicate a general principle of law that a legislator's testimony is not competent evidence as to the intent of the legislative body enacting a measure, and reverse as to that issue.

We reverse the Court of Appeals and affirm the dismissal of the criminal information by the trial court.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE and FEDERICI, JJ., concur.

RIORDAN, J., dissents.

RIORDAN, Justice (dissenting).

I cannot agree with the majority. I believe that the opinion of Chief Judge Wood of the Court of Appeals is a correct interpretation of the statutes in question, and I adopt that opinion as my dissent.