Dear Senate, Taylor
¶ 0 This office has received your request asking for an official Opinion addressing, in effect, the following question:
 Does 63 O.S. 1991, § 1-317(b) permit the filing of a death certificate by an employee or agent of a licensed funeral director?
 THE DUTY TO FILE A DEATH CERTIFICATE
¶ 1 Title 63 O.S. 1991, § 1-317[63-1-317] imposes a duty to file a death certificate upon funeral directors or persons acting as such. In pertinent part, the statute provides that:
 a. A death certificate for each death which occurs in this state shall be filed with the local registrar of the district in which the death occurred, within three (3) days after such death . . .
. . . .
 b. The funeral director or person acting as such
who first assumes custody of a dead body shall file the death certificate.
63 O.S. 1991, § 1-317[63-1-317] (emphasis added).
¶ 2 "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jacksonv. Independent School District No. 16, 648 P.2d 26, 29 (Okla. 1982). In conformity with this rule of statutory construction, "statutes must be interpreted in light of the context." Davis v.State, 300 P.2d 1000, 1010 (Okla.Crim.App. 1956). Thus, the intention, or purpose, of the Legislature should not be ascertained from any single, isolated clause, sentence, or from particular expressions or partial recitals, but rather must be gleaned from a general consideration of the act as a whole.Nelson v. State, 288 P.2d 429, 438 (Okla.Crim.App. 1955).
¶ 3 In applying these principles of statutory construction to the above-quoted portions of 63 O.S. 1991, § 1-317[63-1-317], we conclude that the primary intent of the Legislature was to impose a "duty" to file a death certificate in a timely manner. That the Legislature intended to impose a mandatory duty is shown by the Legislature's use of the term "shall." It is well-settled that "[i]n the construction of statutes, `shall' is usually given its common meaning of `must.'" "Shall" is thus usually interpreted as "implying a command" or being mandatory in nature. Sneed v.Sneed, 585 P.2d 1363, 1364 (Okla. 1978). Therefore, in using the term "shall" within the body of Section 1-317(a), it is clear that the Legislature intended to ensure that a death certificate would be filed within three (3) days after death. This mandatory duty is imposed upon one of two people, either the funeral director, or if no funeral director is involved, the person acting as funeral director.
 WHO HAS THE DUTY TO FILE THE DEATH CERTIFICATE?
¶ 4 Title 63 O.S. 1991, § 1-317[63-1-317](b) makes it clear that the funeral director who first assumes custody of a dead body has a clear duty to ensure that a death certificate is properly filed. The statute places a like duty on a person "acting" as a funeral director. To understand who, other than a licensed funeral director, may act as a funeral director, we must understand the statute's reference to "funeral director." Because 63 O.S. 1991,§ 1-317[63-1-317](b) does not define the term "funeral director," reference must be made elsewhere.
¶ 5 According to the Funeral Service Licensing Act, 59 O.S.1991, § 396[59-396] — § 396.26, a "funeral director" means a person who:
 a. is engaged in or conducts, or holds himself out as being engaged in preparing for the burial or disposal and directing and supervising the burial or disposal of dead human remains,
 b. Is engaged in or conducts or holds himself out as being engaged in maintaining a funeral establishment for the preparation and the disposition, or for the care of dead human remains[.]
59 O.S. 1991, § 396.2[59-396.2](2).
¶ 6 An individual who performs the tasks set forth in Section 396.2 is acting as a funeral director, and unless specifically exempted, must be licensed as a funeral director to perform those tasks.
¶ 7 A specific exemption is provided for at 59 O.S. 1991, §396.12b[59-396.12b](C) which specifically exempts persons related to the deceased by blood or marriage from the licensure requirements of the Funeral Services Licensing Act. This exemption permits a relative to act as a funeral director. Thus, a person related to the deceased by blood or marriage can act as a funeral director and may conduct a funeral and otherwise dispose of a relative's body without having to be licensed as a funeral director. In such instances, the duty to file the death certificate falls upon the relative acting in the capacity of a funeral director.
¶ 8 Under this statutory scheme, two classes of individuals may assume custody of a body for the purpose of burial or disposal — a licensed funeral director or a relative acting as a funeral director. In both instances, the person assuming custody of the body for burial or disposal is charged with the duty of filing the death certificate.
 FILING THE DEATH CERTIFICATE
¶ 9 A literal reading of 63 O.S. 1991, § 1-317[63-1-317](b) would require the funeral director, or relative acting as a funeral director, to personally deliver the certificate for filing. It is, however, "an elementary principal of law that a person may do anything through an agent that he may lawfully do personally."Turley v. State of New Mexico, 633 P.2d 687, 689 (N.M. 1981)citing Smith v. Walcott, 512 P.2d 679 (N.M. 1973); 3 Am. Jur. 2d Agency § 20 (1962). Moreover, in order to conclude that a right conferred, or duty imposed, by statute must be exercised personally and cannot be delegated to an agent, the statute must either expressly, or by necessary implication, prevent an agent from acting. Smith v. Walcott, 512 P.2d 679, 684 (N.M. 1973).
¶ 10 The provisions of 63 O.S. 1991, § 1-317[63-1-317](b) do not state or imply that a funeral director or relative acting as a funeral director must personally file a death certificate. Thus, a funeral director or relative acting as a funeral director may use an employee or agent to file the death certificate. However, in making such a delegation of authority, it must be understood that the delegation does not relieve the funeral director, or a relative acting as such, from the responsibility of ensuring that the death certificate is filed within three (3) days after death. That responsibility cannot be delegated.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 63 O.S. 1991, § 1-317(b) imposes a duty on a funeral director or relative of a deceased, if said person is acting as a funeral director, to file a death certificate within three (3) days after death. The statutes do not, however, require a funeral director, or relative acting as a funeral director, to personally file a death certificate. Thus, the filing of a death certificate may be accomplished by any person authorized to do so by a funeral director or relative of the deceased acting as funeral director. While the physical act of filing may be delegated, the ultimate responsibility to file a death certificate within three (3) days cannot be delegated and lies with the funeral director or relative acting as a funeral director.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 JOSEPH L. McCORMICK IV ASSISTANT ATTORNEY GENERAL