This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                            NO.   31,666

**JOSHUA MAESTAS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
James W. Grayson, Assistant Attorney General
Santa Fe, NM

for Appellant

León Felipe Encinias, Attorney at Law
León Felipe Encinias
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}     The State of New Mexico appeals an order dismissing the criminal case against Joshua Maestas (Defendant) for failure to prosecute, based on the State's representation that it could not proceed to trial in the absence of an unavailable witness. The district court held that the State's primary witness was unavailable to testify at trial, owing to her assertion of her Fifth Amendment right against self-incrimination, but found that her unavailability was not the product of Defendant's wrongdoing. We affirm the district court.

## I.     FACTS AND PROCEDURAL HISTORY

{2}     Defendant was charged with, among other things, aggravated battery against a household member and intimidation of a witness. His arrest and indictment were based upon a 911 call and later grand jury testimony from his girlfriend, Juliana Barela.

{3}     Defendant and Barela remained in contact through numerous phone calls. As trial approached, Barela executed an affidavit of non-prosecution, stating that (1) her previous statements to the police had been the product of police pressure, (2) Defendant had not committed the crimes with which he had been charged, and (3) those statements and her testimony before the grand jury had been in error. She was subpoenaed to appear at an interview at the district attorney's office and appeared with counsel and asserted her Fifth Amendment right against self-incrimination. The State

2

filed a motion to compel Barela's testimony. Barela was brought before the court, placed under oath, and again asserted her Fifth Amendment right not to testify. **{4}**

**{5}** The State next filed a motion to have Barela found to be unavailable to testify at trial and to admit her previous statements at trial, under the doctrine of forfeiture by wrongdoing, because they claimed that she was only unavailable because Defendant threatened her over the phone. The district court granted the motion in part by finding that she was unavailable because of her assertion of her Fifth Amendment privilege against self-incrimination, but denied it in part when it found that the State had failed to prove that Barela's unavailability was the product of Defendant's actions or that he intended to prevent her testimony.

**{5}** The State indicated that it would be unable to proceed at trial without Barela's testimony. The State filed a motion for reconsideration of the district court's order on Barela's unavailability, which was denied. The district court then found that without Barela's testimony, the State was unable to proceed to trial and, noting that the State had declined to file a nolle prosequi, dismissed the case for failure to prosecute. The State was aware that it needed to consider its options between a voluntary dismissal by nolle prosequi, an interlocutory appeal, or a firm trial date a week later. We view the district court's instructions setting a trial date as sufficiently communicating the court's expectations to the State. The district court dismissed the case, stating that "the State has been slow to dismiss this case or do anything for various reasons." The State

appeals from three orders: (1) the denial of the portion of the State's motion to admit Barela's statements under the forfeiture by wrongdoing doctrine, (2) the denial of the reconsideration of that order, and (3) the order of dismissal.

## II.     DISCUSSION

## A.     Standard of Review

{6}     The district court's factual determination that Defendant did not cause Barela's unavailability[1] is a preliminary question governed by Rule 11-104(A) NMRA. *See State v. Romero*, 2006-NMCA-045, ¶ 45, 139 N.M. 386, 133 P.3d 842, *aff'd*, 2007-NMSC-013, 141 N.M. 403, 156 P.3d 694; *see also State v. Alvarez-Lopez*, 2004-NMSC-030, ¶ 10, 136 N.M. 309, 98 P.3d 699. It is the State's burden to prove the necessary foundation for admission of Barela's statements by a preponderance of the evidence. *Alvarez-Lopez*, 2004-NMSC-030, ¶ 10. Where "the district court acts within its authority as fact finder by weighing and drawing its own conclusions from the evidence presented[,]" we review the court's decision for an abuse of discretion. *State v. Garcia*, 2000-NMCA-014, ¶ 23, 128 N.M. 721, 998 P.2d 186. Preliminary questions on admissibility of evidence are determined by the trial judge. *See* Rule 11-104(A). We also review a district court's decision whether to admit or exclude

---

[1]The parties agree that Barela's statement to the police and her sworn testimony were testimonial for Confrontation Clause purposes, and she was unavailable for trial by virtue of her having asserted her Fifth Amendment right not to testify. We are not reviewing the district court's ruling for constitutional error.

4

evidence for abuse of discretion. *Ruiz v. Vigil-Giron*, 2008-NMSC-063, ¶ 7, 145 N.M. 280, 196 P.3d 1286 (per curiam).

{7}     When reviewing for an abuse of discretion, we view the evidence in the light most favorable to the district court's decision. *State v. Candelaria*, 2008-NMCA-120, ¶ 12, 144 N.M. 797, 192 P.3d 792. Discretionary determinations will be affirmed if they are supported by substantial evidence in the record. *State v. Lavone*, 2011-NMCA-084, ¶ 5, 150 N.M. 473, 261 P.3d 1105. Accordingly, we will examine the district court's factual findings to determine their support in the record.

{8}     District courts have inherent power to dismiss a case for failure to prosecute. *Smith v. Walcott*, 1973-NMSC-074, ¶ 12, 85 N.M. 351, 512 P.2d 679. We review such dismissals for abuse of discretion. *See Stoll v. Dow*, 1986-NMCA-134, ¶ 10, 105 N.M. 316, 731 P.2d 1360; *see also State v. Esparza*, 2003-NMCA-075, ¶ 45, 133 N.M. 772, 70 P.3d 762.

**B.      The Doctrine of Forfeiture By Wrongdoing**

{9}     The State sought to use prior testimonial statements made by Barela when her assertion of Fifth Amendment privilege rendered her unavailable to testify. The State argues that Defendant wrongfully procured Barela's unavailability by telling her to lie for him and threatening her mother. Defendant counters that the State failed to prove that he threatened Barela or otherwise caused her to assert the privilege. The

cause and underlying intent to cause her unavailability are the sole issues in this appeal.

{10}    The forfeiture by wrongdoing doctrine is an outgrowth of the Confrontation Clause of the United States Constitution's Sixth Amendment.  Ordinarily, "the Confrontation Clause bars the use of out-of-court statements made by witnesses that are testimonial, unless the witness is unavailable, and the defendant had a prior opportunity to cross-examine, regardless of whether such statements are deemed reliable." *Romero*, 2007-NMSC-013, ¶ 6.  However, a defendant can forfeit his right to object to the use of out-of court testimonial statements against him that would otherwise be inadmissable if the defendant causes the unavailability of the witness by some form of wrongdoing.  *Id.* ¶ 28.  In proving a defendant's wrongdoing, "the prosecution is required to prove [the defendant's] intent to procure the witness's unavailability in order to bar a defendant's right to confront that witness." *Id.* ¶ 37.  New Mexico thus requires the State to prove that, by a preponderance of the evidence, the defendant both caused the witness's unavailability and intended that the witness be unavailable. *Id.* ¶ 38; *Alvarez-Lopez*, 2004-NMSC-030, ¶ 10 ("The elements that must be shown for [Federal Rules of Evidence] Rule 804(b)(6) to apply are:  (1) the declarant was expected to be a witness; (2) the declarant became unavailable; (3) the defendant's misconduct caused the unavailability of the declarant; and (4) the

defendant intended by his misconduct to prevent the declarant from testifying."). Using this matrix, we now assess whether the district court abused its discretion.

## C. The District Court Did Not Abuse Its Discretion

{11} The district court's order on the State's motion in limine correctly stated the legal requirements of proof of forfeiture by wrongdoing as described above. The district court found that the State had established that, by a preponderance of evidence, Barela became unavailable when she asserted her Fifth Amendment privilege against self-incrimination, but had failed to prove that Defendant's misconduct caused her unavailability or that he intended by his conduct to cause her unavailability. In so ruling, the district court also made a number of verbal findings that we consider to be relevant and supplementary to its written order and which we will discuss as needed. *Ledbetter v. Webb*, 1985-NMSC-112, ¶ 34, 103 N.M. 597, 711 P.2d 874 (stating that a district court's verbal comments can be used to clarify written findings); *State v. Roybal*, 2006-NMCA-043, ¶ 9, 139 N.M. 341, 132 P.3d 598 (same). We assess the State's proof in the light most favorable to affirmance, and we review the court's findings to see if they are supported by substantial evidence. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211.

{12} The State's evidence in support of its motion involved no testimony. The written motion in limine cited broadly to a "*CD of phone calls from* [*the*] *jail phone*" without any citations to the location of any specific, germane evidence. Although the

7

State cites the fact that Defendant was indicted because he had threatened to kill Barela if she reported the assault, which she refuted in her later affidavit, and the fact that Defendant violated his conditions of release by living with Barela for some months before being re-committed to custody after being found dangerous, these facts are not relevant in determining whether he procured her unavailability. The State argues that facts regarding Defendant's overall dangerousness and his assault on another woman were found by the district court "in reference to other matters" in previous hearings and provide context for the problem before us.

{13} The State also makes much of Defendant's threats to harm Barela's mother. The district court ruled that the threats against Barela's mother did not show that Defendant acted with intent to procure Barela's unavailability. The CD that the State relied on was more than fifty-five hours long, comprising 588 calls. The State provided no transcripts of the recordings. The court listened to a sample hour of calls, noting that the State had failed to specifically point to any threats within the numerous hours of phone records, and found nothing that constituted a threat or intention to keep Barela from testifying.

{14} The district court found that Barela seemed to agree with Defendant's characterizations of her mother. Her behavior on the phone also indicated to the district court that any of Defendant's threats concerning her mother would not affect her availability to testify. The district court noted Defendant's invective and profanity

8

regarding Barela's mother, but did not find that they constituted anything that would influence Barela to refrain from testifying.

{15}     The State's motion in limine cites to a call where Defendant "called [Barela] a 'rat' and told [Barela she] should . . . go to court and lie for him[,]" but no specific reference to the statements, nor any citation beyond "*CD of phone calls from [the] jail phone*" was provided in the motion. The district court found that of the hour or so of calls it listened to on its own, the court heard no instructions to Barela that she not testify, or threats against her or her family if she either testified or failed to file an affidavit of non-prosecution. The district court also noted that Barela, week-after-week, paid for Defendant to make those phone calls. More to the point, the district court stated:

> [N]o single call has been pointed out to the [c]ourt wherein [procuring unavailability of an affidavit of non-prosecution is] the subject of the conversation. They talk about all sorts of things. But I found no threats that[,] under the Forfeiture by Wrongdoing Doctrine[,] would indicate that [Defendant] has done anything—and this is very important—with the intent to keep . . . Barela from testifying.

{16}     Although the State claims that threatening Barela's family could have prevented her testimony, it is up to the district court to evaluate the weight of the evidence and resolve conflicting interpretations of the evidence in reaching its decision. Under our deferential standard of review, we are loath to substitute our judgment for the district

court's or reweigh the evidence. *State v. Rael-Gallegos*, 2013-NMCA-092, ¶ 8, 308 P.3d 1016, *cert. denied*, 2013-NMCERT-009, 311 P.3d 452.

{17}    The State filed a witness list for the hearing on its motion, but called no witnesses to testify to the effect of Defendant's actions on Barela. None of Barela's statements indicate that Defendant played a role in keeping her from testifying at trial. Where evidence introduced by a party shows only the possibility of the required fact to be proven, it requires the fact finder to speculate in order to draw a reasonable inference. In such a case, the party has failed to make a prima facie case. *Smith v. Ferguson Trucking Co.*, 1954-NMSC-115, ¶ 7, 58 N.M. 779, 276 P.2d 911 (holding that speculation as to cause is not evidence upon which a verdict can be based).

**D.    Excluding Evidence Was Proper**

{18}    The State asserts that the district court erred and prevented the State from making a complete offer of proof by excluding various statements and recordings from early in the case. When the district court was determining forfeiture by wrongdoing, the State attempted to tender for admission at trial the 911 tape concerning the initial incident made by Barela's mother and early statements made by Barela, including her written statement to the police and her grand jury testimony. {19}

The district court denied the request to hear the 911 tape at the hearing as irrelevant. The four statements of Barela to the police and the grand jury were sought to be admitted to show the nature of her accusations and as "based upon the fact that

10

. . . Barela was cooperative at that time." The State did not further pursue the matter of admitting the statements. The State did not request the further opportunity to make an offer of proof at that time. *See* Rule 11-103 (A)(2) NMRA. The district court found that the 911 call and the early statements were irrelevant to the question of forfeiture by wrongdoing. We find no abuse of discretion in the district court decision declining to hear or view the proffered evidence.

**III.    CONCLUSION**

{20}    We affirm the district court's orders denying the State's motion in limine and its order of dismissal of the case.

{21}    **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**TIMOTHY L. GARCIA, Judge**

11